■ WILLIAM GIAMBALVO, Respondent, v CHEMICAL BANK, Defendant and Third-Party Plaintiff-Appellant. KNIGHT MAINTENANCE CORP., Third-Party Defendant-Appellant. [687 NYS2d 728] —In an action to recover damages for personal injuries, (1) the defendant third-party plaintiff Chemical Bank appeals from (a) so much of a judgment of the Supreme Court, Kings County (Held, J.), entered October 22, 1997, as, upon a jury verdict

finding it, the plaintiff, and the third-party defendant Knight Maintenance Corp. each 33⅓% at fault in the happening of the accident and finding that the plaintiff suffered total damages in the amount of $651,680, is in favor of the plaintiff and against it in the principal sum of $434,453.32, and (b) an order of the same court, dated October 23, 1997, which denied its motion, *inter alia*, for a new trial, and (2) the third-party defendant separately appeals from so much of the same judgment as, upon the jury verdict finding it 33⅓% at fault in the happening of the accident, is in favor of the defendant third-party plaintiff Chemical Bank and against it in the principal sum of $217,226.66.

Ordered that the judgment is reversed, on the law, and the complaint and third-party complaint are dismissed; and it is further,

Ordered that the appeal from the order dated October 23, 1997, is dismissed as academic; and it is further,

Ordered that the appellants are awarded one bill of costs payable by the respondent.

The plaintiff fell from a ladder while changing a light bulb in premises leased by the defendant Chemical Bank (hereinafter Chemical). The plaintiff subsequently commenced this action against Chemical, contending, *inter alia*, that it had violated Labor Law § 200 by providing him with a defective ladder. After the liability phase of a bifurcated trial, the jury found that Chemical had violated Labor Law § 200, and was 33⅓% at fault in the happening of the plaintiff's accident.

On appeal, Chemical contends that the liability verdict should be set aside because it did not control or supervise the plaintiff's work, and did not own the ladder which caused the plaintiff's fall. We agree. Labor Law § 200 is a codification of the common-law duty of a landowner to provide workers with a reasonably safe place to work (*see, Lombardi v Stout,* 80 NY2d 290, 294). "An implicit precondition to this duty 'is that the party charged with that responsibility have the authority to control the activity bringing about the injury'" (*Comes v New York State Elec. & Gas Corp.,* 82 NY2d 876, 877, quoting *Russin v Picciano & Son,* 54 NY2d 311, 317). Thus, liability will be imposed upon an owner under Labor Law § 200 only where the plaintiff's injuries were sustained as the result of a dangerous condition at the work site, rather than as the result of the manner in which the work was performed, and then only if the owner exercised supervision and control over the work performed at the site or had actual or constructive notice of the unsafe condition causing the accident (*see, Lombardi v Stout,*

*supra*; *Allen v Cloutier Constr. Corp.,* 44 NY2d 290, 299; *Sprague v Peckham Materials Corp.,* 240 AD2d 392; *Seaman v Chance Co.,* 197 AD2d 612). Here, there is no evidence that Chemical supervised or controlled the plaintiff's work in any manner, or that it directed him to use the allegedly defective ladder. Moreover, Chemical's former branch manager testified that Chemical did not furnish ladders to its branches, and denied that Chemical owned the ladder from which the plaintiff fell. Although the plaintiff testified that he assumed that Chemical owned the ladder, which was stored in a room to which cleaning contractors had access, he presented no evidence that Chemical actually owned the ladder, or that its representatives had actual or constructive notice of a defect in the ladder which would cause it to tilt. Under these circumstances, Chemical cannot be held liable for the plaintiff's accident pursuant to Labor Law § 200 (*see, Douglas v Beckstein,* 210 AD2d 680; *Cruz v City of New York,* 207 AD2d 858, 859).

Since there is no basis upon which to support the jury's determination that the defendant Chemical was liable for the plaintiff's accident, its third-party complaint seeking indemnification from the plaintiff's employer must also be dismissed (*see, Capalbo v Lederle Labs.,* 257 AD2d 556).

In light of our determination, we need not address the parties' remaining contentions. Miller, J. P., Santucci, Krausman and Luciano, JJ., concur.