■ JAMES HIGGINS et al., Appellants, v 1790 BROADWAY ASSOCIATES et al., Respondents. CENTRAL ELEVATOR, INC., Third-Party Plaintiff-Respondent, v O & P MANAGEMENT CORP., Third-Party Defendant-Respondent. [691 NYS2d 31] —Order, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered July 14, 1998, which, *inter alia*, granted the motion of defendant Central Elevator and the cross motions of defendants

---

1790 Broadway Associates, John Phufas and third-party defendant O & P Management for summary judgment dismissing the complaint, the third-party complaint and all cross claims and counterclaims, unanimously modified, on the law, to deny the cross motion of 1790 Broadway Associates and John Phufas to the extent that it seeks dismissal of plaintiff's claims against them for common-law negligence and violation of Labor Law § 200 and to reinstate the complaint to the extent of such claims, and otherwise affirmed, without costs.

According to the complaint, plaintiff was employed by third-party defendant O & P Management Corp. as a porter in the building owned by defendants 1790 Broadway Associates and John Phufas. In attempting to repair a malfunctioning freight elevator, plaintiff used a defective ladder stored in the building to gain access to the roof of the elevator cab. He was injured when a rung broke under him as he was descending the ladder. At the time of the accident, a full service and maintenance contract for the building's elevators was in effect with defendant and third-party plaintiff Central Elevator, Inc.

The motion court properly granted Central Elevator's motion for summary judgment dismissing all causes of action, cross claims and counterclaims against it, inasmuch as plaintiff's injuries were not proximately caused by any negligence in the maintenance of the elevator (*see, Sheehan v City of New York,* 40 NY2d 496, 503; *see also, Bank v Lincoln Shore Owners,* 229 AD2d 370). The motion court also correctly dismissed the complaint to the extent that it asserted a cause of action under Labor Law § 240 (1) against defendants 1790 Broadway Associates and Phufas, inasmuch as plaintiff, whose duties included mopping and waxing floors, was plainly acting outside the scope of his employment in attempting to repair the elevator. The record contains no evidence that plaintiff was ever authorized or requested to perform such repairs by his employer.

We disagree, however, with the motion court's dismissal of plaintiff's negligence and Labor Law § 200 causes of action against 1790 Broadway Associates and Phufas. An owner of real property is obligated to maintain the premises in reasonably safe condition, with foreseeability being the measure of that proprietary duty (*Basso v Miller,* 40 NY2d 233, 241). It is generally accepted that a ladder falls within the protection afforded by Labor Law § 200 (*Kammerer v Baskewicz,* 257 AD2d 811; *Sprague v Peckham Materials Corp.,* 240 AD2d 392 [2d Dept]; *Schlueter v Health Care Plan,* 168 AD2d 985 [4th Dept]). This Court has previously applied the statute to a plaintiff injured in a fall from a ladder in the course of repairing an

elevator (*Spiteri v Chatwal Hotels*, 247 AD2d 297 [no evidence owner aware of defect]). As it was reasonably foreseeable that a worker might use the defective ladder and sustain injury, its presence in the building clearly constituted a dangerous condition.

Pursuant to Labor Law § 200, which merely codifies an owner's common-law duty to provide workers with a reasonably safe workplace (*Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877; *Allen v Cloutier Constr. Corp.*, 44 NY2d 290, 299), liability for an injury resulting from a dangerous condition at the work site may be imposed on the owner where the owner either exercised supervision and control over the work or had actual or constructive notice of the unsafe condition (*see, Miller v Perillo*, 71 AD2d 389, 391, *appeal dismissed* 49 NY2d 1044, *lv dismissed* 51 NY2d 705, 767, 770; *see also, Akins v Baker*, 247 AD2d 562, 563; *Seaman v Chance Co.*, 197 AD2d 612, 613, *lv dismissed* 83 NY2d 847). There is ample evidence in the record to support plaintiff's claim that the ladder was defective. John O'Donnell, a partner in defendant 1790 Broadway Associates, stated that the owner supplied the ladder as well as any tools necessary for "the normal customary maintenance of an office building, from, I guess, vacuum cleaners to monkey wrenches". The testimony of Michael Murphy, an employee of O & P Management Corp. at the time of the accident, indicates that principals of the management company were aware of the defective condition of the ladder prior to the accident. Therefore, the owners of the building have failed to demonstrate, as a matter of law, that they did not have actual or constructive notice of the unsafe condition, and plaintiff's claim under Labor Law § 200 should be reinstated.

Whether plaintiff knew of the defective condition of the ladder represents a question of fact. Plaintiff testified that he had never used the ladder before, but conceded having previously stated that he noticed it was missing a rung. In view of these conflicting statements, this issue is appropriately left for resolution at trial (*cf., Duclos v Bisordi*, 209 AD2d 376). Concur—Sullivan, J. P., Rosenberger, Rubin, Saxe and Buckley, JJ.