■ ANDRE CRUZ, Plaintiff, v KOWAL INDUSTRIES, INC., Respondent, and S.J. REHAB CORP. et al., Defendants and Third-Party Plaintiffs-Appellants. THEMIS INDUSTRIES, LTD., Third-Party Defendant-Respondent. (And Another Third-Party Action.) [701 NYS2d 96] —In an action to recover damages for personal injuries, the defendants third-party plaintiffs, S.J. Rehab Corp., Port Washington Rehab Associates, S.J. Rehab Corp. d/b/a Port Washington Associates, and Landmark on Main Street Housing Fund Development Corp. appeal, as limited by their brief, from stated portions of an order of the Supreme Court, Kings County (Rappaport, J.), dated June 19, 1998. The appeal brings up for review so much of a resettled order of the same court dated February 26, 1999, as denied those branches of their cross motion which were for summary judgment on their cross claim against the defendant Kowal Industries, Inc., for contractual indemnification and to recover damages for breach of a contract to procure liability insurance, and on the cause of action in their third-party complaint for common-law indemnification against the third-party defendant Themis Industries, Inc., insofar as it is asserted by Landmark on Main Street Housing Fund Development Corp.

Ordered that the appeal from the order dated June 19, 1998, is dismissed, as that order was superseded by the resettled order; and it is further,

Ordered that the resettled order is affirmed insofar as reviewed; and it is further,

Ordered that the respondents are awarded one bill of costs.

The plaintiff, who was working at a construction site, was injured when he fell from a ladder. He brought suit against the general contractor S.J. Rehab Corp., Port Washington Rehab Associates, and S.J. Rehab Corp. d/b/a Port Washington Associates (hereinafter collectively PWRA), the owner, Landmark on Main Street Housing Fund Development Corp. (hereinafter Landmark), and a subcontractor, Kowal Industries, Inc. (hereinafter Kowal), alleging, *inter alia*, that the ladder was defective. Landmark and PWRA cross-claimed against Kowal and brought a third-party action against the plaintiff's employer, Themis Industries, Ltd. Subsequently, the plaintiff moved for and obtained partial summary judgment on the is-

sue of liability under Labor Law § 240, on the ground that he fell from an unsecured ladder. Landmark and PWRA cross-moved for summary judgment on their cross claims and third-party complaint. Their motion was denied on the ground that ownership of the ladder was not established.

The Supreme Court correctly denied that branch of the cross motion which was for summary judgment on the appellants' claims for contractual indemnification and common-law indemnification, since it is unclear whether they were at fault in the happening of the accident (*see, Itri Brick & Concrete Corp. v Aetna Cas. & Sur. Co.,* 89 NY2d 786, 795; *Kagan v Jacobs,* 260 AD2d 442).

Although Themis Industries, Inc., conceded that there was "no evidence of control or supervision over the work" by Landmark, there is no evidence that Landmark did not own the allegedly defective ladder. Landmark's fault could be predicated upon actual or constructive notice of a dangerous condition, such as a defective ladder present on the site (*see, Higgins v 1790 Broadway Assocs.,* 261 AD2d 223; *cf., Giambalvo v Chemical Bank,* 260 AD2d 432).

Further, the Supreme Court properly denied summary judgment to Landmark and PWRA against Kowal for Kowal's alleged breach of an agreement to provide insurance, with leave to renew after resolution of a declaratory judgment action brought by Landmark and PWRA against the insurance carrier for a judgment declaring that the insurance carrier has a duty to defend and indemnify for the loss. The appellants have taken inconsistent positions in the instant action and the declaratory judgment action against the insurance carrier, which, under the circumstances of the instant case, precludes granting them summary judgment at this juncture (*see, Unisys Corp. v Hercules Inc.,* 224 AD2d 365, 367; *see also, Douglas v Government Empls. Ins. Co.,* 237 AD2d 246). Joy, J. P., Friedmann, Goldstein and McGinity, JJ., concur.