■ JOHN XIDIAS et al., Appellants, v MORRIS PARK CONTRACTING CORPORATION et al., Respondents. [828 NYS2d 432]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Elliot, J.), dated March 24, 2005, as granted that branch of the defendants' motion which was for summary judgment dismissing the cause of

action to recover damages for a violation of Labor Law § 240 (1).

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff John Xidias (hereinafter the plaintiff) was employed as an electrician on a construction project involving the construction of an extension to a school building in Queens. While the plaintiff was ascending a ladder in the course of his employment, a metal-framed window in the room where he was working dislodged and struck his body, causing him to fall from the ladder to the floor and sustain various personal injuries. After the plaintiffs commenced the present action, the defendants moved for summary judgment dismissing the complaint. The Supreme Court granted the motion, including the branch of motion which was to dismiss the plaintiffs' cause of action to recover damages for a violation of Labor Law § 240 (1). The dismissal of that cause of action was proper. The framed window that fell on the plaintiff was not a material being hoisted or a load that required securing at the time it fell, and thus Labor Law § 240 (1) does not apply to this case (see *Narducci v Manhasset Bay Assoc.*, 96 NY2d 259, 268 [2001]). Additionally, a fall from a ladder, by itself, is not sufficient to impose liability under Labor Law § 240 (1) where, as here, there is no evidence that the ladder was actually defective, inadequately secured, or otherwise failed to provide proper protection to the worker (see *Molyneaux v City of New York*, 28 AD3d 438, 439 [2006], *lv denied* 7 NY3d 705 [2006]; *Costello v Hapco Realty*, 305 AD2d 445, 447 [2003]; *Olberding v Dixie Contr.*, 302 AD2d 574 [2003]). Miller, J.P., Rivera, Skelos and Lunn, JJ., concur.