■ Nicolaos Orphanoudakis, Appellant, v Dormitory Authority of the State of New York et al., Respondents. [837 NYS2d 61]—

Order, Supreme Court, New York County (Edward H. Lehner, J.), entered September 13, 2005, which, to the extent appealed from as limited by the briefs, granted so much of defendants' motion for summary judgment dismissing the Labor Law § 200 claim, and denied plaintiff's cross motion for partial summary judgment on the issue of liability under Labor Law § 240 (1), unanimously modified, on the law, the cross motion granted with respect to section 240 (1), and otherwise affirmed, without costs, and the matter remanded for further proceedings.

Plaintiff, a painter for a subcontractor of defendant TDX, was injured when he fell from a ladder that allegedly moved and "went crooked." In view of his unrefuted testimony that two of the ladder's four rubber feet were missing, there is no question that the ladder was defective and that plaintiff was not the sole proximate cause of the accident, thus entitling him to partial summary judgment on the issue of liability under Labor Law § 240 (1) (*Greenidge v Anchor Constr.*, 303 AD2d 179 [2003]). As to the section 200 claim, however, plaintiff was unable to present an issue of fact as to whether defendants, the owner and construction manager at the site, "exercised actual supervision and control over plaintiff's activity, rather than possessing merely general supervisory authority" (*Mitchell v New York Univ.*, 12 AD3d 200, 200 [2004]). Concur—Friedman, J.P., Nardelli, Gonzalez, Catterson and Kavanagh, JJ.