ROBERT ERDELY et al., Appellants, v ACCESS DIRECT SYSTEMS, INC., Respondent. [847 NYS2d 108]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Davis, J.), dated August 2, 2006, as granted that branch of the defendant's motion which was for summary judgment dismissing the common-law negligence cause of action and denied those branches of their cross motion which were for summary judgment on the issue of liability on the common-law negligence cause of action and to strike the defendant's answer pursuant to CPLR 3126 as a sanction for its spoliation of evidence.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the defendant's motion which was for summary judgment dismissing the common-law negligence cause of action is denied, that branch of the plaintiffs' cross motion which was for summary judgment on the issue of liability on the common-law negligence cause of action is granted, and that branch of the plaintiffs' cross motion which was to strike the defendant's answer pursuant to CPLR 3126 as a sanction for its spoliation of evidence is granted to the extent of precluding the defendant from controverting the plaintiffs' prima facie showing that the subject ladder was defective and that the defendant had actual or constructive knowledge of such defect.

The injured plaintiff Robert Erdely allegedly was injured in February 2003 while performing maintenance work at the defendant's premises. He claims that a "maintenance person" at the defendant's premises had, on prior occasions, directed that, when seeking access to the roof of the building, he was to use a wooden ladder that was stored on site. At his deposition, the plaintiff testified that after setting the ladder against the wall and checking to make sure it was not "wobbly," he climbed it. Before he could reach the top, however, he heard a "crack," the ladder suddenly "kicked out" from under him, and he fell to the ground.

A visual inspection of the ladder conducted by the plaintiff's employer shortly after the accident apparently revealed no structural failure. However, it did reveal that the ladder looked "old," had no stickers approved by the Occupational Health and Safety Administration on it, and had no rubber shoes at its base.

It is undisputed that the defendant had immediate notice of the accident. There was blood on the floor in the area where the injured plaintiff fell, an ambulance had to be summoned, and the defendant reported the occurrence to its insurance carrier. Less than three months after the accident, the plaintiffs com-

menced this action, asserting causes of action based on common-law negligence and Labor Law § 240 (1) and § 241 (6), as well as a derivative claim. By then, however, the defendant had already disposed of the ladder.

Based on the above evidence, the defendant moved for summary judgment dismissing the complaint on the ground that the ladder suffered no structural failure and that, in any event, the defendant had no actual or constructive notice of any defect in the ladder. The plaintiffs cross-moved for summary judgment on the issue of liability and to strike the defendant's answer pursuant to CPLR 3126 as a sanction for its spoliation of evidence. The Supreme Court granted the motion and denied the cross motion. The appeal is limited to the plaintiffs' common-law negligence cause of action and the issue of imposing a sanction for the defendant's spoliation of evidence.

Contrary to the defendant's contention, the Supreme Court erred in granting that branch of its motion which was for summary judgment dismissing the common-law negligence cause of action. The evidence tendered by the defendant established, inter alia, that the subject ladder had no rubber shoes—a visible and apparent defect that would explain why the ladder suddenly "kicked out" from under the injured plaintiff as he attempted to climb it (*cf. Orphanoudakis v Dormitory Auth. of State of N.Y.,* 40 AD3d 502 [2007] [ladder with missing rubber shoes is defective]; *Jicheng Liu v Sanford Tower Condominium, Inc.,* 35 AD3d 378 [2006] [absence of rubber shoes rendered ladder unsafe]). Thus, the defendant failed to establish its prima facie entitlement to judgment as a matter of law regarding the common-law negligence cause of action (*see Ayotte v Gervasio,* 81 NY2d 1062, 1063 [1993]).

Moreover, the above evidence, coupled with the injured plaintiff's deposition testimony that, on previous occasions, he had been specifically instructed by one of the defendant's employees to use the subject ladder, was sufficient to establish, prima facie, the plaintiffs' entitlement to summary judgment on the issue of liability with respect to the common-law negligence cause of action (*see Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]; *Lopez v WS Distrib., Inc.,* 34 AD3d 759, 760 [2006]).

In opposition to the cross motion, the defendant claimed, inter alia, that any defect in the ladder was not visible and apparent and that, in any event, it had no notice of any such defect. However, in light of the defendant's negligence in disposing of the ladder, a key piece of evidence, at a time when it should have been obvious that the injured plaintiff would assert a claim (*see De Los Santos v Polanco,* 21 AD3d 397, 397-398

[2005]), it is appropriate, as a sanction, to preclude the defendant from controverting the plaintiffs' prima facie showing regarding the existence of a defect and the defendant's notice of it (see CPLR 3126). As the defendant otherwise failed to raise any triable issue of fact in opposition to the plaintiffs' prima facie showing, that branch of the cross motion which was for summary judgment on the issue of liability on the common-law negligence cause of action should have been granted. Rivera, J.P., Skelos, Fisher and Angiolillo, JJ., concur.