[867 NYS2d 123]

Nazrul Chowdhury, Respondent, v Antonio Rodriguez et al.,
Appellants, et al., Defendant.

Second Department, November 5, 2008

**APPEARANCES OF COUNSEL**

*Shayne, Dachs, Corker, Sauer & Dachs, LLP*, Mineola (*Norman H. Dachs* and *Jonathan A. Dachs* of counsel), for appellants.

*Goidel & Siegel, LLP*, New York City (*Andrew B. Siegel* of counsel), for respondent.

**OPINION OF THE COURT**

DILLON, J.

We recently had occasion in *Ortega v Puccia* (57 AD3d 54 [2d Dept 2008]) to discuss the legal standard governing Labor Law § 200 when a plaintiff is injured at a work site because of dangerous or defective equipment provided by the plaintiff's own employer. We held that a property owner's liability under such circumstances depends upon whether the owner had the authority to supervise or control the work, and does not depend upon prior actual or constructive notice, which is the legal stan-

dard applicable to cases where a plaintiff is injured as a result of a dangerous or defective premises condition. We did not have the opportunity under the facts of *Ortega* to discuss the appropriate legal standard under Labor Law § 200 when the property owner, rather than the employer, provides the equipment that causes the worker's injury. Interesting questions are raised under such circumstances, such as: Is defective equipment provided by a property owner akin to a "premises condition," where creation of the defect and prior notice are the key elements considered when determining liability, or is such equipment an aspect of the methods and means of the work, where an owner's authority to control those methods and means is key to the liability inquiry? There is confusion within the bar over these legal standards, which are misapplied in some instances and improperly blended in others. For the reasons set forth below, we hold that when a property owner lends its own equipment to a worker which then causes injury, the legal standard that governs claims under Labor Law § 200 is whether the owner created the dangerous or defective condition or had actual or constructive notice thereof.

## I. Relevant Facts

The plaintiff, Nazrul Chowdhury, was injured on July 1, 2004, some time after 3:00 P.M., while working in the scope of his employment as a laborer with Williamsburg Construction (hereinafter Williamsburg). Williamsburg had been hired by the defendants, Antonio Rodriguez, Judith Rodriguez, Jim W. Cruz, and Clemente Almonte, to reconstruct the front porches of their two-family home in Ridgewood. Antonio Rodriguez and Judith Rodriguez resided in one portion of the home with their children, as well as with Judith Rodriguez's mother and brother. The second portion of the home was occupied by Almonte.

Work proceeded on the porch reconstruction for more than three months before the accident occurred. The plaintiff's supervisor on the project was Abdul Hai, who had the assistance of a helper, Ashref Ali, whom he supervised.

The plaintiff testified at his deposition that there were many commingled tools at the work site belonging to both Williamsburg and the homeowners, and that he used whatever tools he needed. There were occasions when he needed to use a long ladder and a short ladder. The long ladder was borrowed from a neighbor and used to access the roof. The shorter ladder was 10-to-12-feet high and belonged to the Rodriguezes. The plaintiff claimed that Judith Rodriguez gave him permission to

use the short ladder on the first occasion that he needed it, but thereafter, he "would just take it and use it." According to the plaintiff, the short ladder was "perfect for the work," but it did not have rubber at the bottom. The ladder apparently slipped on occasions prior to the accident, but the plaintiff never discussed the absence of rubber feet with anyone prior to the accident.

The plaintiff was on the short ladder when the accident occurred. He had positioned the ladder so that its top was leaning against the porch while the bottom was positioned on the defendants' sloped driveway. The ladder shook and moved a little bit, so the plaintiff instructed Ali to hold it while the plaintiff performed cement work. The plaintiff later instructed Ali to retrieve additional cement. While Ali was gone, the plaintiff continued working on the ladder until it slipped and he fell from the ladder onto the driveway.

This action ensued. In a summons and complaint filed on May 26, 2005, the plaintiff asserted four causes of action to recover damages for common-law negligence and violations of Labor Law § 240 (1) and § 241 (6) and § 200. The defendants Antonio Rodriguez, Judith Rodriguez, and Cruz interposed an answer dated August 2, 2005,[1] which denied the material allegations of the complaint and which asserted, inter alia, affirmative defenses that the causes of action premised upon Labor Law §§ 240 and 241 were barred by the homeowners' exemption. There is no evidence in the record that the defendants ever made a demand for, or that the plaintiff ever served, a bill of particulars.

On November 14, 2006, after depositions had been conducted, the defendants named in the original complaint (hereinafter the defendants) moved for summary judgment dismissing the causes of action insofar as asserted against them.[2] The defendants contended that, as to the Labor Law §§ 240 and 241 claims, summary judgment was warranted under the single- and two-family homeowners' exemption contained in those statutes. The defendants also argued that they were entitled to summary

---

**1.** Almonte was added to the suit by amended summons and amended complaint dated November 22, 2006, which included no new causes of action.

**2.** The motion was the second one seeking summary judgment filed by the defendants. The earlier motion had apparently been withdrawn. The record contains no reference to its disposition that would trigger the rule against successive motions (*see generally B & N Props., LLC v Elmar Assoc., LLC*, 51 AD3d 831 [2008]), and no such argument is made in the appellate briefs.

judgment on the negligence and Labor Law § 200 claims because they did not direct or control the plaintiff's work. In an affidavit, Judith Rodriguez maintained that neither she nor the other defendants supplied the plaintiff with any equipment or materials, and did not instruct or supervise the performance of the plaintiff's work.[3] The motion made no specific mention of the short ladder or its condition, beyond the all-encompassing denial in Judith Rodriguez's affidavit of having provided the plaintiff with no materials or supplies.

In opposition, the plaintiff argued that dismissal of the Labor Law §§ 240 and 241 claims was not warranted because Judith Rodriguez directed and controlled the work as to defeat the two-family homeowners' exception of the statutes. The plaintiff argued that Antonio Rodriguez and Judith Rodriguez attended the job site daily and "involved themselves in all decisions regarding the refurbishing of the [p]remises, the form and aesthetics of the work being performed, as well as the consideration of alternative methods of construction in order to comply with their desires." The plaintiff argued that the defendants also oversaw the progress of the job, discussing with them on a typical day the tasks that were to be accomplished and what, if anything, needed to be modified from the day before. One specific example involved Judith Rodriguez's direction that the plaintiff redo a day's worth of grouting because she didn't like the "color and texture of the grout." Another example involved Judith Rodriguez instructing the plaintiff to make sure that the stonework was straight and perfectly angled.

Regarding the negligence and Labor Law § 200 causes of action, the plaintiff contended that the defendants were not entitled to summary judgment dismissing those causes of action. Specifically, the plaintiff asserted that the:

> "defendants exercised supervisory control over the work being performed and had actual and/or constructive notice of the dangerous manner in which the work was being done and the lack of proper safety devices at the site—they observed plaintiff using the ladder they provided and knew that it lacked appropriate footings and safety devices."

The Supreme Court, Kings County, denied the defendants' motion for summary judgment in its entirety, finding triable is-

---

**3.** Antonio Rodriguez and Cruz adopted Judith Rodriguez's statements in their own affidavits submitted in support of summary judgment.

sues of fact regarding the defendants' direction and control of the work and the nature of the premises. While the Supreme Court properly denied that branch of the defendants' motion which was for summary judgment dismissing the negligence and Labor Law § 200 causes of action, we conclude that the Supreme Court should have awarded the defendants summary judgment as to the Labor Law §§ 240 and 241 causes of action.

## II. Labor Law § 240 (1) and § 241 (6)

Labor Law § 240 (1) and § 241 (6) contain identical language exempting from the statutes "owners of one and two-family dwellings who contract for but do not direct or control the work" (*compare* Labor Law § 240 [1] *with* § 241 [6]).

█ The Supreme Court erred in failing to dismiss the plaintiff's Labor Law § 240 (1) and § 241 (6) claims. The defendants proffered evidence in admissible form establishing their prima facie entitlement to the protection of the homeowners' exemption (*see Ortega v Puccia,* 57 AD3d 54 [2008]; *see generally Giuffrida v Citibank Corp.,* 100 NY2d 72, 81 [2003]; *Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]; *Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065, 1067 [1979]), and in opposition, the plaintiff failed to submit evidence raising a triable issue of fact (*see generally Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]).

More specifically, in order for a defendant to receive the protection of the homeowners' exemption, the defendant must satisfy two prongs required by the statutes. First, the defendant must show that the work was conducted at a dwelling that is a residence for only one or two families (*see* Labor Law § 240 [1]; § 241; *see generally Mandelos v Karavasidis,* 86 NY2d 767, 768-769 [1995]; *Moran v Janowski,* 276 AD2d 605, 606 [2000]). Here, there was no admissible evidence that the premises were utilized as anything other than a two-family home, with the Rodriguez family occupying one side and Almonte occupying the other side. In response to the defendants' prima facie showing that the premises were used as a two-family residence, the plaintiff failed to raise a triable issue of fact as to whether they were actually a three-family residence or were used for a commercial purpose (*see generally Ramirez v Begum,* 35 AD3d 578, 578-579 [2006]; *Small v Gutleber,* 299 AD2d 536, 537 [2002]).

The second requirement of the homeowners' exemption is that the defendants "not direct or control the work" (Labor

Law § 240 [1]; § 241 [6]). The expressed and unambiguous language of both statutes focuses upon whether the defendants supervised the methods and manner of the work (*see Ortega v Puccia,* 57 AD3d 54 [2008]; *Boccio v Bozik,* 41 AD3d 754, 755 [2007]; *Arama v Fruchter,* 39 AD3d 678, 679 [2007]; *Ferrero v Best Modular Homes, Inc.,* 33 AD3d 847, 849 [2006]; *Siconolfi v Crisci,* 11 AD3d 600, 601 [2004]; *Miller v Shah,* 3 AD3d 521, 522 [2004]). Here, the evidence in the record failed to establish that any of the defendants supervised the methods and manner of the project, or that a triable issue of fact exists in this regard. At most, the evidence presented by the plaintiff in opposition to the defendants' motion for summary judgment demonstrated that the defendants, particularly Judith Rodriguez, monitored the progress of the work, approved the aesthetics of the work, such as grout texture and color, and oversaw the work's general quality, such as the straightness and angles of stone and masonry. A homeowner's involvement in these areas reflects typical homeowner interest in the ongoing progress of the work and does not constitute the kind of direction or control necessary to overcome the homeowner's exemption from liability (*see Affri v Basch,* 45 AD3d 615, 616 [2007]; *Arama v Fruchter,* 39 AD3d 678, 679 [2007]; *Edgar v Montechiari,* 271 AD2d 396, 397 [2000]; *McGuiness v Contemporary Interiors,* 205 AD2d 739, 740 [1994]; *Spinillo v Strober Long Is. Bldg. Material Ctrs.,* 192 AD2d 515, 516 [1993]; *Sanna v Potter,* 179 AD2d 982, 983 [1992]).

Even assuming that the defendants did loan the short ladder to the plaintiff, it was not equivalent to directing or controlling the work and could not serve as a predicate for liability outside of the homeowners' exemption (*see Stone v Altarac,* 305 AD2d 849, 850 [2003]; *Miller v Trudeau,* 270 AD2d 683 [2000]).

Accordingly, the Supreme Court erred in denying the defendants' motion for summary judgment to the extent it sought dismissal of the plaintiff's causes of action under Labor Law § 240 (1) and § 241 (6). The defendants established their prima facie entitlement to the homeowners' exemption under both statutes, and the plaintiff's submissions in opposition failed to raise a triable issue of fact.

### III. Labor Law § 200 and Common-Law Negligence

As has been often noted, Labor Law § 200 is a codification of the common-law duty of property owners and general contractors to provide workers with a safe place to work (*see Rizzuto v*

*L.A. Wenger Contr. Co.*, 91 NY2d 343, 352 [1998]; *Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877 [1993]; *Lombardi v Stout*, 80 NY2d 290, 294 [1992]; *Allen v Cloutier Constr. Corp.*, 44 NY2d 290, 299 [1978]; *Ferrero v Best Modular Homes, Inc.*, 33 AD3d 847, 850 [2006]; *Brown v Brause Plaza, LLC*, 19 AD3d 626, 628 [2005]; *Everitt v Nozkowski*, 285 AD2d 442, 443 [2001]; *Giambalvo v Chemical Bank*, 260 AD2d 432, 433 [1999]). Liability under the statute is therefore governed by common-law negligence principles. Ladders fall within the scope of the protection afforded by the statute (*see e.g. Sprague v Peckham Materials Corp.*, 240 AD2d 392, 393 [1997]).

The defendants argued, in support of their summary judgment motion at the Supreme Court, and reiterate on appeal, that they did not supervise or control the plaintiff's work, and hence, cannot be held liable under Labor Law § 200. The defendants' argument presupposes that supervision or control over the plaintiff's work is the proper legal standard against which the defendants' alleged liability is to be measured in this instance. However, Labor Law § 200 has two disjunctive standards for determining a property owner's liability. The first is the authority to supervise the work when a plaintiff's injury arises out of defects or dangers in the methods or materials of the work (*see Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 505 [1993]; *Lombardi v Stout*, 80 NY2d at 295; *Ortega v Puccia*, 57 AD3d 54 [2008]; *McLeod v Corporation of Presiding Bishop of Church of Jesus Christ of Latter Day Sts.*, 41 AD3d 796, 798 [2007]; *Rosenberg v Eternal Mems.*, 291 AD2d 391, 392 [2002]). The second standard is applicable to worker injuries arising out of the condition of the premises rather than the methods or manner of the work. When a premises condition is at issue, a property owner is liable under Labor Law § 200 when the owner created the dangerous condition causing an injury or when the owner failed to remedy a dangerous or defective condition of which he or she had actual or constructive notice (*see Ortega v Puccia*, 57 AD3d 54 [2008]; *Azad v 270 5th Realty Corp.*, 46 AD3d 728, 730 [2007]; *Keating v Nanuet Bd. of Educ.*, 40 AD3d 706, 708 [2007]; *Kerins v Vassar Coll.*, 15 AD3d 623, 626 [2005]; *Kobeszko v Lyden Realty Invs.*, 289 AD2d 535, 536 [2001]; *Giambalvo v Chemical Bank*, 260 AD2d at 433).

Under either liability standard, the common-law duty of the owner to provide a safe place to work, as codified by Labor Law § 200 (1), has been extended to include the tools and appliances

without which the work cannot be performed and completed (*see Hess v Bernheimer & Schwartz Pilsener Brewing Co.,* 219 NY 415, 418 [1916]).

Here, the plaintiff's accident involved a ladder, allegedly provided to him by Judith Rodriguez and allegedly defective due to the absence of rubber feet. If the plaintiff's use of a defective ladder provided by a property owner implicates the methods and manner of the work, then the defendants correctly focus upon whether they had the authority to supervise and control the work. If, on the other hand, the plaintiff's use of a defective ladder provided by the property owner is considered part of the overall condition of the premises, then the focus should not be on supervision and control over the manner of the work, but rather, on whether the defendants created the ladder defect or had actual or constructive notice of the dangerous or defective condition.

The facts of this case do not fit neatly into either box. An argument can be made on behalf of the applicability of either the "supervisory authority" standard or the "defect creation/ actual or constructive notice" standard.

In *Ortega v Puccia* (57 AD3d 54 [2008]), this Court held that the "supervisory authority" standard governs defendants' liability for work site injuries under Labor Law § 200, where the dangerous or defective equipment is provided by the plaintiff's employer rather than by the property owner (*see Persichilli v Triborough Bridge & Tunnel Auth.,* 16 NY2d 136, 145 [1965]; *Wright v Belt Assoc.,* 14 NY2d 129, 134 [1964]; *Gasper v Ford Motor Co.,* 13 NY2d 104, 110-111 [1963]; *Zucchelli v City Constr. Co.,* 4 NY2d 52, 56 [1958]). The facts alleged here present a distinct variation from those of *Ortega,* since here, the ladder was provided to the plaintiff by a defendant property owner and not by the plaintiff's employer. Decisional authority from this Judicial Department is less clear as to the legal standard that should be applied in such instances in determining the property owner's potential liability under Labor Law § 200 and common-law negligence.

In addressing the legal standard that is to be applied when a property owner provides a worker with dangerous or defective equipment that causes injury during the course of the work, we are reminded that a basic, underlying ground for the imposition of any liability under both Labor Law § 200 and the common law is the authority of the defendant to remedy the dangerous or defective condition at issue (*see generally Guerra v Port Auth.*

*of N.Y. & N.J.,* 35 AD3d 810, 811 [2006]; *Perri v Gilbert Johnson Enters., Ltd.,* 14 AD3d 681, 683 [2005]; *Loiacono v Lehrer McGovern Bovis,* 270 AD2d 464, 465 [2000]). Accordingly, when a worker's injury results from his or her employer's own tools or methods, it makes sense that a defendant property owner be liable only if possessed of authority to supervise or control the work, since such defendant is vested with the authority to remedy any dangers in the methods or manner of the work (*accord Persichilli v Triborough Bridge & Tunnel Auth.,* 16 NY2d at 146; *Hess v Bernheimer & Schwartz Pilsener Brewing Co.,* 219 NY 415, 418 [1916] [property owner does not stand in the shoes of the worker's employer in the provision of appliances, and is not responsible for their sufficiency as they are not part of the premises]; *Orphanoudakis v Dormitory Auth. of State of N.Y.,* 40 AD3d 502 [2007]). Similarly, if a worker's injury results from a dangerous or defective premises condition, it logically follows that a property owner's liability should be predicated upon evidence of the owner's creation of the condition or actual or constructive notice of it, since the property owner in charge of the site has authority to remedy any dangers or defects existing at its own premises (*see Rizzuto v L.A. Wenger Constr. Co.,* 91 NY2d at 352; *Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d at 504; *Lombardi v Stout,* 80 NY2d at 295; *Russin v Louis N. Picciano & Son,* 54 NY2d 311, 317 [1981]; *Dooley v Peerless Importers, Inc.,* 42 AD3d 199, 204 [2007]; *Giambalvo v Chemical Bank,* 260 AD2d at 433; *Reynolds v Brady & Co.,* 38 AD2d 746 [1972]).

Where, as alleged here, a defendant property owner provides a worker with a dangerous or defective piece of equipment, having either created the dangerous or defective condition or having actual or constructive notice of it, the defendant is possessed of the authority, as owner, to remedy the condition. Remedial efforts do not involve control over the work per se, but instead involve control over the dangerous or defective device akin to the property owner's authority to remedy dangerous or defective premises conditions. This analysis finds support in *Hess v Bernheimer & Schwartz Pilsener Brewing Co.* (219 NY at 418-419), wherein the Court of Appeals held that "[i]f the [property owner] furnishes a ladder or a scaffold for the contractor's employees to work on he must be careful to furnish a safe appliance, but if the contractor furnishes such appliances the [property owner] does not thereby become responsible for their sufficiency."

More recent appellate authority, though sparse in number and limited in discussion, supports the conclusion that if a de-

fendant property owner loans equipment to a worker, the defendant's ownership of and control over its own equipment, and the concomitant authority to remedy its dangers and defects, is to be governed by the common-law standard that speaks to defect creation or actual or constructive notice of the condition. Thus, in *Cruz v Kowal Indus.* (267 AD2d 271 [1999]), this Court held that a defendant property owner was properly denied summary judgment, where the defendant failed to submit evidence that it did not own the ladder from which the plaintiff fell, as necessary to assess the issue of actual or constructive notice (*id.* at 272).

A similar result was reached by this Court in *Erdely v Access Direct Sys., Inc.* (45 AD3d 724 [2007]). In *Erdely,* the plaintiff attributed his fall from a ladder during the course of his work to the absence of rubber feet on the ladder. The ladder was apparently owned by the defendant property owner, which stored it at its site. We held that the award of summary judgment to the property owner was not appropriate under Labor Law § 200 and common-law negligence standards, since, inter alia, the absence of rubber shoes on the ladder was "a visible and apparent defect" (*id.* at 726). In *Erdely,* this Court, in effect, applied, without expressly saying so, a prior actual or constructive notice standard based upon the visibility and duration of the alleged ladder defect. In doing so, this Court did not discuss whether or not the defendant property owner had the authority to supervise or control the work.

Our colleagues in the Appellate Division, First Department, reached a consistent result in *Higgins v 1790 Broadway Assoc.* (261 AD2d 223 [1999]). There, it was held that a defendant property owner which owned a ladder used by the plaintiff was not entitled to summary judgment under Labor Law § 200, absent proof that the defendant did not have notice of the alleged unsafe ladder condition (*id.* at 225).

■ Since the borrowing of a property owner's equipment by workers at a work site is not uncommon, we will no doubt be confronted by "borrowed equipment" cases in the future. We hold, based on the foregoing analysis, that when a defendant property owner lends allegedly dangerous or defective equipment to a worker that causes injury during its use, the defendant moving for summary judgment must establish that it neither created the alleged danger or defect in the instrumentality nor had actual or constructive notice of the dangerous or defec-

tive condition (*accord Erdely v Access Direct Sys., Inc.,* 45 AD3d 724 [2007]; *Cruz v Kowal Indus.,* 267 AD2d 271 [1999]; *Higgins v 1790 Broadway Assoc.,* 261 AD2d 223 [1999]).

Applying these principles to the facts at bar, the defendants moved for summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action by arguing that they did not supervise or control the plaintiff's work. In doing so, they presented evidence and discussion of the incorrect legal standard. The defendants' motion, rather than being directed to the absence of control over the methods and manner of the work, should have instead been directed to their noncreation of any alleged ladder defect and the absence of actual or constructive notice of such condition.

The defendants nevertheless established their prima facie entitlement to judgment as a matter of law in regard to the negligence and Labor Law § 200 claims by tendering affidavits asserting that they did not supply any materials or equipment to the plaintiff or the plaintiff's employer, which necessarily includes a denial of having provided the plaintiff with the short ladder that was being used at the time of the plaintiff's accident. In opposition, however, the plaintiff raised a triable issue of fact sufficient to defeat summary judgment, by testifying at his deposition that he borrowed the short ladder from the defendants with the permission of Judith Rodriguez and that the ladder was missing rubber feet. Significantly, the plaintiff described the movement of the ladder as a "slip."

Since triable issues of fact exist as to whether the defendants loaned the plaintiff the short ladder involved in the occurrence and whether, if it was loaned, the defendants had actual or constructive notice of the absence of rubber feet constituting an alleged dangerous condition, the Supreme Court properly denied the defendants' motion for summary judgment to the extent they sought dismissal of the Labor Law § 200 and common-law negligence claims.

The parties' remaining contentions either are without merit or have been rendered academic in light of our determination.

Accordingly, the order is modified, on the law, by deleting the provision thereof denying those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240 and 241 and substituting therefor a provision granting those branches of the

motion; as so modified, the order is affirmed insofar as appealed from.

MILLER, J.P., BALKIN and CHAMBERS, JJ., concur.

Ordered that the order is modified, on the law, by deleting the provision thereof denying those branches of the motion of the defendants Antonio Rodriguez, Judith Rodriguez, and Jim W. Cruz which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240 and 241 and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.