■ THEOFANIS ARTOGLOU, Appellant, v GENE SCAPPY REALTY CORP. et al., Respondents. [869 NYS2d 172]—

The plaintiff allegedly was injured when he fell off an approximately 20-foot long ladder he was using to access the roof of the defendants' building. Although the parties dispute the extent of the work that the plaintiff was requested to perform and did perform, it is uncontested that he was hired, inter alia, to apply an aluminum coating over the entire 20,000-square foot roof. The purpose of the coating, which the defendants' expert described as "a smooth liquid-applied surface coating containing an aluminum pigment for reflectivity," was to protect

the roof from water damage and to reflect sunlight to lower the temperature of the building. According to the expert, it is applied by "[p]our[ing] the correct amount . . . to cover a given area and work[ing] it in one direction," with a "mop, roofing brush, or squeegee."

Contrary to the defendants' contention, the application of this substance, which their representative referred to as "reflective paint" or "silver paint," was the functional equivalent of painting. Painting is a protected activity that "need not [be] incidental to the other listed activities such as construction, repair, or alteration, to be covered" by Labor Law § 240 (1) (*Rivers v Sauter,* 26 NY2d 260, 262 [1970]; *see Joblon v Solow,* 91 NY2d 457, 464-465 [1998]; *Loreto v 376 St. Johns Condominium, Inc.,* 15 AD3d 454, 454-455 [2005]; *De Oliveira v Little John's Moving,* 289 AD2d 108 [2001]; *Cornacchione v Clark Concrete Co.,* 278 AD2d 800, 801 [2000]). Therefore, the plaintiff was engaged in a covered activity at the time of the accident.

However, there are triable issues of fact as to whether the accident was caused by a violation of Labor Law § 240 (1). "[A] fall from [a] ladder, by itself, [i]s not sufficient to impose liability under Labor Law § 240 (1)" (*Xidias v Morris Park Contr. Corp.,* 35 AD3d 850, 851 [2006]; *see Olberding v Dixie Contr.,* 302 AD2d 574 [2003]; *Williams v Dover Home Improvement,* 276 AD2d 626, 627 [2000]). Rather, there must be evidence that the subject ladder was defective or inadequately secured and that the defect, or the failure to secure the ladder, was a substantial factor in causing the plaintiff's injuries (*see Xidias v Morris Park Contr. Corp.,* 35 AD3d at 851; *Olberding v Dixie Contr.,* 302 AD2d at 574; *Williams v Dover Home Improvement,* 276 AD2d at 627; *Zgoba v Easy Shopping Corp.,* 246 AD2d 539, 540 [1998]; *see generally Blake v Neighborhood Hous. Servs. of N.Y. City,* 1 NY3d 280, 287 [2003]).

On this record, it cannot be concluded, as a matter of law, that the defendants failed to provide the plaintiff with proper protection or that any alleged failure to provide and properly place adequate safety devices proximately caused his injuries (*see Delahaye v Saint Anns School,* 40 AD3d 679, 682 [2007]; *Xidias v Morris Park Contr. Corp.,* 35 AD3d at 851; *Reborchick v Broadway Mall Props., Inc.,* 10 AD3d 713, 714 [2004]; *Olberding v Dixie Contr.,* 302 AD2d 574 [2003]; *Williams v Dover Home Improvement,* 276 AD2d at 627).

The Supreme Court did not err in dismissing the plaintiff's cause of action alleging a violation of Labor Law § 241 (6) because the Industrial Code provisions cited by the plaintiff are inapplicable to the facts of this case (*see Delahaye v Saint Anns*

*School,* 40 AD3d at 685; *Ferrero v Best Modular Homes, Inc.,* 33 AD3d 847, 851 [2006]; *Singleton v Citnalta Constr. Corp.,* 291 AD2d 393, 394 [2002]). The ladder at issue was not used as "a *regular* means of access between floors or other levels *in* any building or . . . structure]" (12 NYCRR 23-1.21 [b] [4] [i] [emphasis added]; *see Arigo v Spencer,* 39 AD3d 1143, 1145 [2007]; *Spenard v Gregware Gen. Contr.,* 248 AD2d 868, 871 [1998]; *cf. Avendano v Sazerac, Inc.,* 248 AD2d 340 [1998]). Nor was the plaintiff using the ladder as a work platform (*see* 12 NYCRR 23-1.21 [b] [4] [iv]; *Arigo v Spencer,* 39 AD3d at 1145; *cf. Johnson v Flatbush Presbyt. Church,* 29 AD3d 862 [2006]; *Montalvo v J. Petrocelli Constr., Inc.,* 8 AD3d 173, 176 [2004]; *see generally People v Finnegan,* 85 NY2d 53, 58 [1995], *cert denied* 516 US 919 [1995] ["when the statutory 'language is clear and unambiguous, it should be construed so as to give effect to the plain meaning of (the) words' used"]). Finally, there was no evidence that the ladder was placed on a slippery or unstable surface (*see* 12 NYCRR 23-1.21 [b] [4] [ii]; *cf. Sprague v Peckham Materials Corp.,* 240 AD2d 392, 393-394 [1997]).

However, the plaintiff's causes of action alleging a violation of Labor Law § 200 and common-law negligence should not have been dismissed. Since the plaintiff alleged that the defendants provided him with an allegedly dangerous or defective ladder, in order to obtain summary judgment the defendants were required to establish that they neither created the alleged danger or defect in the instrumentality nor had actual or constructive notice of the dangerous or defective condition (*see Chowdhury v Rodriguez,* 57 AD3d 121 [2008]).

In this case, the defendants established their prima facie entitlement to summary judgment through the deposition testimony of the defendants' representative that he did not supply the plaintiff with, or direct the plaintiff to use, a defective ladder (*see Smith v 499 Fashion Tower, LLC,* 38 AD3d 523, 525 [2007]). However, the plaintiff disputed this contention, testifying at his deposition that the ladder was owned by the defendants and that the defendants' representative directed him to use it. Since "fault could be predicated upon [the defendants'] actual or constructive notice of a dangerous condition, such as a defective ladder present on the site," they were not entitled to summary judgment on the plaintiff's Labor Law § 200 and common-law negligence causes of action (*Cruz v Kowal Indus.,* 267 AD2d 271, 272 [1999]; *see Wein v Amato Props., LLC,* 30 AD3d 506, 507-508 [2006]; *Ciesielski v Buffalo Indus. Park,* 299 AD2d 817, 818-819 [2002]). Additionally, the numerous inconsistencies between the deposition testimony of the plaintiff and

that of the defendants' representative raised a triable issue of fact as to the credibility of both witnesses (*see Klein v City of New York,* 89 NY2d 833 [1996]; *Delahaye v Saint Anns School,* 40 AD3d at 682). Skelos, J.P., Ritter, Florio and Carni, JJ., concur.