■ Lawrence Schultz, Respondent, v Hi-Tech Construction & Management Services, Inc., et al., Appellants. [893 NYS2d 225]—

Labor Law § 200 is a codification of the common-law duty of landowners and general contractors to provide workers with a reasonably safe place to work (*see Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 501-502 [1993]; *Lombardi v Stout,* 80 NY2d 290, 294 [1992]; *Chowdhury v Rodriguez,* 57 AD3d 121, 127-128 [2008]). "Liability under the statute is therefore governed by common-law negligence principles" (*Chowdhury v Rodriguez,* 57 AD3d at 128). "Ladders fall within the scope of the protection afforded by the statute" (*Chowdhury v Rodriguez,* 57 AD3d at 128). Cases involving Labor Law § 200 generally fall into two disjunctive categories: those where workers were injured as a result of dangerous or defective conditions at a work site and those involving the manner in which the work was performed (*see Chowdhury v Rodriguez,* 57 AD3d at 127-128; *Ortega v Puccia,* 57 AD3d 54, 61 [2008]).

Where, as here, a plaintiff's injuries stem not from the manner in which the work was performed, but, rather, from an al-

legedly dangerous condition on the premises, a general contractor may be liable in common-law negligence and under Labor Law § 200 if it has control over the work site and actual or constructive notice of the dangerous condition (*see Van Salisbury v Elliott-Lewis,* 55 AD3d 725, 726 [2008]; *Keating v Nanuet Bd. of Educ.,* 40 AD3d 706, 708 [2007]; *Bridges v Wyandanch Community Dev. Corp.,* 66 AD3d 938 [2009]). Here, the Supreme Court properly denied that branch of the defendants' motion which was, in effect, for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence because the defendants failed to demonstrate the absence of a triable issue of fact (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]). In particular, triable issues of fact exist as to whether a dangerous condition caused the ladder to slip and the plaintiff to fall and sustain an injury and, if so, whether the defendants had control over the work site and actual or constructive notice of the dangerous condition (*see Artoglou v Gene Scappy Realty Corp.,* 57 AD3d 460, 462-463 [2008]; *Van Salisbury v Elliott-Lewis,* 55 AD3d 725 [2008]; *Wein v Amato Props., LLC,* 30 AD3d 506, 507-508 [2006]; *Cruz v Kowal Indus.,* 267 AD2d 271, 272 [1999]). Santucci, J.P., Balkin, Eng and Chambers, JJ., concur.