■ DORIAN NAVARRO et al., Appellants, v CITY OF NEW YORK et al., Respondents. [905 NYS2d 258]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Flug, J.), dated June 3, 2009, as granted those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law § 200 and common-law negligence and dismissing the causes of action alleging violations of Labor Law § 240 (1) and § 241 (6) insofar as asserted against the defendants City of New York and New York City School Construction Authority, and denied their cross motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1).

Ordered that the order is modified, on the law, by deleting the

provisions thereof granting those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence insofar as asserted against the defendants City of New York and Board of Education of the City of New York, and substituting therefor provisions denying those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The injured plaintiff, Dorian Navarro (hereinafter the plaintiff), was caulking windows on the exterior of a public school when he dropped his spatula and it fell through a metal grate in the ground outside the school. The plaintiff testified that although he had never been inside the school on any prior occasion, a school custodian took him inside the school to the basement to retrieve his tool. According to the plaintiff's deposition testimony, the school custodian told him he could access the tool by opening a window in the basement that was adjacent to the area under the metal grate where the plaintiff dropped his tool. In order to reach the basement window, which was higher than the plaintiff's head, the school custodian told the plaintiff to climb a ladder that was propped up against the basement wall under the window. As the plaintiff climbed the ladder and attempted to open the basement window, the ladder slipped and the plaintiff fell, allegedly sustaining injuries. After the plaintiff fell, he noticed grease on the ground and on his clothes. It was also alleged that the ladder lacked proper footing.

The plaintiff and his wife, suing derivatively, commenced this action against the defendants, City of New York, New York City School Construction Authority (hereinafter the SCA), and the Board of Education of the City of New York (hereinafter the Board). The plaintiffs alleged violations of Labor Law §§ 200, 240 (1) and § 241 (6) and common-law negligence. The Supreme Court granted the defendants' motion for summary judgment dismissing the complaint and denied the plaintiffs' cross motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1).

The Supreme Court erred in determining that the City and the Board were entitled to summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action insofar as asserted against them. Where, as here, the accident arises not from the methods or manner of the work, but from a dangerous premises condition, "a property owner is liable under Labor Law § 200 when the owner created the dangerous condition causing an injury or when the owner failed to remedy a dangerous or defective condition of which he or she had actual

or constructive notice" (*Chowdhury v Rodriguez*, 57 AD3d 121, 128 [2008]; *see Schultz v Hi-Tech Constr. & Mgt. Servs., Inc.*, 69 AD3d 701 [2010]; *Artoglou v Gene Scappy Realty Corp.*, 57 AD3d 460 [2008]). Moreover, "when a defendant property owner lends allegedly dangerous or defective equipment to a worker that causes injury during its use, the defendant moving for summary judgment must establish that it neither created the alleged danger or defect in the instrumentality nor had actual or constructive notice of the dangerous or defective condition" (*Chowdhury v Rodriguez*, 57 AD3d at 131-132). Here, the foreman for the general contractor at the site testified at his deposition that the ladder in the basement was "school property," and the plaintiffs alleged that the ladder lacked proper footing. The City and the Board failed to establish, prima facie, that they did not create or have notice of the alleged defect in the ladder, nor did they submit any evidence to show that they did not create or have notice of the slippery grease condition in the basement.

Contrary to the contentions of the City and the Board, they also failed to establish, prima facie, that they were free from fault in the happening of the accident and that the plaintiff's conduct in going to retrieve his tool in an area where he was not assigned to work was the sole proximate cause of the accident. The plaintiff testified at his deposition that the school custodian led him into the basement, advised him to use the ladder under the window, and specifically refused to hold the ladder for the plaintiff when the plaintiff asked him to. The City and the Board relied on the plaintiff's deposition testimony in support of the motion for summary judgment. Under these circumstances, the submissions of the City, as the owner of the school, and the Board, as the alleged employer of the school custodian, failed to show the absence of triable issues of fact with respect to their liability under Labor Law § 200 and for common-law negligence (*see Schultz v Hi-Tech Constr. & Mgt. Servs., Inc.*, 69 AD3d 701 [2010]; *Chowdhury v Rodriguez*, 57 AD3d 121 [2008]; *Artoglou v Gene Scappy Realty Corp.*, 57 AD3d 460 [2008]; *see generally Basso v Miller*, 40 NY2d 233 [1976]; *Riviello v Waldron*, 47 NY2d 297 [1979]).

The SCA, however, was entitled to summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence insofar as asserted against it, since it demonstrated that it did not own the subject premises and it lacked sufficient control over the premises and the activity that brought about the injury (*see Dos Santos v STV Engrs., Inc.*, 8 AD3d 223, 224-225 [2004]). In addition, the Supreme Court properly awarded summary judgment dismissing the

causes of action alleging violations of Labor Law § 240 (1) and § 241 (6) insofar as asserted against the City and the SCA. The defendants established, prima facie, that the plaintiff's accident inside the basement, which was not under construction or routinely accessed by workers on the day of the accident, was too far removed from any construction-related activity and too attenuated from the hazards associated with an enumerated activity to fall within the ambit of protection provided by those statutes (*see Ferenczi v Port Auth. of N.Y. & N.J.*, 34 AD3d 722 [2006]; *Plotnick v Wok's Kitchen Inc.*, 21 AD3d 358 [2005]; *Bruder v 979 Corp.*, 307 AD2d 980 [2003]; *see generally Prats v Port Auth. of N.Y. & N.J.*, 100 NY2d 878 [2003]; *Nagel v D & R Realty Corp.*, 99 NY2d 98 [2002]; *Nieves v Five Boro A.C. & Refrig. Corp.*, 93 NY2d 914 [1999]). In opposition, the plaintiffs failed to raise a triable issue of fact with respect to these causes of action.

The plaintiffs' remaining contentions either are without merit or have been rendered academic. Balkin, J.P., Eng, Austin and Roman, JJ., concur.