THOMAS REILLY-GEIGER, Respondent, v SUSAN DOUGHERTY et al., Appellants, et al., Defendant. [925 NYS2d 619]—

In an action to recover damages for personal injuries, the defendants Susan Dougherty and Michael Goldenberg appeal from so much of an order of the Supreme Court, Suffolk County (Pitts, J.), dated March 30, 2010, as denied those branches of their motion which were for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff allegedly was injured when he fell from an extension ladder he was using to install a skylight in the home of the defendants Susan Dougherty and Michael Goldenberg (hereinafter together the defendants). According to the plaintiff, when he and his alleged employer arrived at the defendants' home to begin work on the day of the accident, the ladder had already been set up underneath the skylight and on top of an unsecured tarp, which was covering the defendants' dining room floor. As the plaintiff was working from the ladder, it allegedly slipped on the tarp, causing him to fall and sustain injuries. The plaintiff commenced this action against, among others, the defendants, alleging, inter alia, a violation of Labor Law § 200 and common-law negligence.

Labor Law § 200 is a codification of the common-law duty of an owner or general contractor to maintain a safe construction site (*see Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 352 [1998]; *Russin v Louis N. Picciano & Son*, 54 NY2d 311, 316-317 [1981]). In cases where a worker at a job site is injured as a result of a dangerous or defective premises condition, a property owner may be held liable if he or she created the condition or had actual or constructive notice of it without remedying it within a reasonable time (*see Reyes v Arco Wentworth Mgt. Corp.*, 83 AD3d 47, 51 [2011]; *Chowdhury v Rodriguez*, 57 AD3d 121, 130 [2008]).

Here, the defendants failed to demonstrate their prima facie entitlement to judgment as a matter of law on the causes of ac-

tion alleging a violation of Labor Law § 200 and common-law negligence. The defendants failed to eliminate questions of fact as to, inter alia, whether they set up the ladder on the unsecured tarp or whether they were aware that the ladder was set up in this manner prior to the arrival of the plaintiff and his alleged employer at the work site, as the plaintiff testified in his depositions. Accordingly, contrary to the defendants' contention, they did not eliminate all questions of fact as to whether they created or had actual or constructive notice of a dangerous condition on the premises (cf. *Navarro v City of New York*, 75 AD3d 590 [2010]; *Aguilera v Pistilli Constr. & Dev. Corp.*, 63 AD3d 763 [2009]; *Chowdhury v Rodriguez*, 57 AD3d at 132; *Erdely v Access Direct Sys., Inc.*, 45 AD3d 724 [2007]). The Supreme Court, therefore, properly denied those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence. Skelos, J.P., Covello, Balkin and Austin, JJ., concur. **[Prior Case History: 2010 NY Slip Op 30706(U).]**