■ Domenick J. Jaycoxe, Appellant, v VNO Bruckner Plaza, LLC, et al., Respondents, et al., Defendant. [44 NYS3d 395]—

Order, Supreme Court, Bronx County (Betty Owen Stinson, J.), entered on or about February 8, 2016, which, insofar as appealed from as limited by the briefs, granted defendants-respondents' motion for summary judgment dismissing the common-law negligence and Labor Law § 200 claims, unanimously reversed, on the law, without costs, the motion denied, and the common-law negligence and Labor Law § 200 claims reinstated.

Plaintiff claims he was injured when the ladder he was standing on slipped out from under him because it was missing the proper footing. Where, as here, plaintiff alleged that defendants—the premises owners—provided him with the defective ladder, "the legal standard that governs claims under Labor Law § 200 is whether the owner created the dangerous or defective condition or had actual or constructive notice thereof," not whether the accident arose out of the means and methods of plaintiff's work (*Chowdhury v Rodriguez*, 57 AD3d 121, 123 [2d Dept 2008]; *see Cevallos v Morning Dun Realty, Corp.*, 78 AD3d 547, 549 [1st Dept 2010]; *Higgins v 1790 Broadway Assoc.*, 261 AD2d 223, 224-225 [1st Dept 1999]).

The conflicting deposition testimony submitted by the parties shows that there is a triable issue as to whether defendants provided plaintiff with the allegedly defective ladder. Moreover, plaintiff's testimony that the ladder was missing its feet was sufficient to raise an issue of fact as to whether defendants had constructive notice of the defect because of its visible and apparent nature (*see Patrikis v Arniotis*, 129 AD3d 928, 929 [2d Dept 2015]; *Higgins*, 261 AD2d at 225). Concur—Friedman, J.P., Sweeny, Richter, Manzanet-Daniels and Kapnick, JJ.