■ YASAR KARAKAYA, Respondent, v BETTER ENERGY GROUP, INC., et al., Defendants, and FOREST REALTY Co., Appellant. [607 NYS2d 937] —Order of the Supreme Court, New York County (Peter Tom, J.), entered on or about February 1, 1993, which, *inter alia,* held in abeyance Forest Realty Co.'s motion for summary judgment dismissing this personal injury action, pending a proceeding before the Workers' Compensation Board to determine the identity of plaintiff's employer, to be commenced by the parties forthwith, is unanimously reversed, on the law, the motion for summary judgment granted, the cross-motion by the plaintiff to name the individual partners as defendants and for leave to add a derivative claim denied, and the motion by defendant for leave to amend the answer denied as academic, without costs or disbursements.

Plaintiff, a superintendent at a building owned by Forest Realty Co. (Forest) seeks damages for personal injuries allegedly sustained from a boiler room accident at that building.

Forest moved for summary judgment dismissing the complaint on the grounds that plaintiff's recovery of workers' compensation benefits through an insurance policy issued to Forest, his employer, precluded a personal injury action against it. Forest also moved for leave to amend its answer to correctly reflect its status as a partnership, not a corporation. Plaintiff cross-moved for leave to amend his complaint to include a derivative claim by his wife.

The IAS Court held in abeyance both Forest's motion to dismiss and plaintiff's cross-motion to add the derivative claim, pending a determination by the Workers' Compensation Board as to the identity of plaintiff's employer. It further granted Forest's application for leave to amend its answer to reflect its partnership status on condition that the partnership submit to the court's personal jurisdiction and that Forest provide plaintiff with the names of the individual partners and the addresses at which they could be served with process.

With respect to the applicability of the Workers' Compensation Law, resolution of whether an employer-employee relationship exists rests within the primary jurisdiction of the Workers' Compensation Board *(see, Santiago v Dedvukaj,* 167 AD2d 529). Here, the Board determined that Forest was

plaintiff's "employer", and it is not disputed that plaintiff accepted workers' compensation benefits under an insurance policy issued to Forest.

The Workers' Compensation Board's decision is determinative of the issue, "thus precluding any party to the hearing, who had the required notice and opportunity to be heard, from relitigating such issue" *(Reynoso v Kensington Mgt. Servs.,* 181 AD2d 415). While plaintiff asserts, upon this appeal, that he was not given a "full and fair opportunity" to litigate the issue of the employer-employee relationship before the Workers' Compensation Board, this issue was never raised at *nisi prius.* Nor does plaintiff demonstrate that he was deprived of such an opportunity.

Further, plaintiff has not raised a triable issue of fact as to the identity of his employer at the time of the accident. Plaintiff's request for further discovery to see if any employer-employee relationship exists between him and an entity called Katz Realty Group is based only on speculation. For example, plaintiff submits pay stubs from the "Katz Office Account", but does not controvert the assertion of Forest's partner that Katz Office Account is merely an agent of Forest that issued paychecks. Plaintiff also submits a letter from an insurance executive in support of the proposition that Katz Realty Group is an entity distinct from Forest, but that letter actually indicates that Katz is a "d/b/a" for Forest.

In any event, having been awarded benefits following the Workers' Compensation Board's "final and binding" determination that Forest was his employer, plaintiff is precluded from now maintaining an action against Forest *(Santiago v Dedvukaj, supra).*

Since plaintiff has made no showing that his injuries were caused by any of Forest's individual partners acting outside of the interests of the partnership *(see, Cipriano v FYM Assocs.,* 117 AD2d 770, 771), the cross-motion to name the individual partners as defendants is denied. Finally, the defendant's motion for leave to amend the answer to reflect Forest's status as a partnership, and plaintiff's cross-motion to add a derivative cause of action are also denied as academic, in view of the disposition herein. Concur—Ellerin, J. P., Asch, Rubin and Nardelli, JJ.