■ WLADYSLAW KOBESZKO, Respondent, et al., Plaintiff, v LYDEN REALTY INVESTORS, Appellant. [735 NYS2d 189] —In an action to recover damages for personal injuries, etc., the defendant appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Kings County (Rappaport, J.), entered September 18, 2000, as, upon a jury verdict finding it 95% at fault in the happening of the accident and the injured plaintiff 5% at fault, and finding that the injured plaintiff sustained damages in the sum of $2,549,365.78, is in favor of the injured plaintiff and against it in the principal sum of $2,421,897.49.

Ordered that the judgment is reversed insofar as appealed from, on the law, with costs, and the complaint is dismissed.

The plaintiff Wladyslaw Kobeszko (hereinafter the plaintiff), a porter employed by Manhattan East Suite Hotels (hereinafter Manhattan East), allegedly was injured while working at premises owned by the defendant when the glove on his right hand was caught on a piece of cable or wire in a trash compactor, which was operating with its door open. The plaintiff had disabled a safety mechanism with a piece of plastic and left on the power to the compactor in order to remove the piece of cable or wire. The defendant argued that the plaintiff's claims were governed by Labor Law § 200, which would require the plaintiff to demonstrate that it, as the property owner, supervised or controlled the work. However, the trial court dismissed the Labor Law § 200 claim when the plaintiff withdrew it during the charge conference, and then submitted the case to the jury based on a theory of premises liability.

Labor Law § 200 is the codification of a property owner's common-law duty to provide workers at a site with a reasonably safe place to work (*see, Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494; *Lombardi v Stout,* 80 NY2d 290, 294). A property owner may be held liable under Labor Law § 200 "only where the plaintiff's injuries were sustained as the result of a dangerous condition at the work site, rather than as the result of the manner in which the work was performed, and then only if the owner exercised supervision and control over the work performed at the site or had actual or constructive notice of the [dangerous] condition" (*Giambalvo v Chemical Bank,* 260 AD2d 432, 433; *see, Rosemin v Oved,* 254 AD2d 343; *Houchang Haghighi v Bailer,* 240 AD2d 368, 369; *Greenwood v Shearson, Lehman & Hutton,* 238 AD2d 311, 313).

The evidence presented at trial established that the accident occurred solely due to the improper use of the compactor. The safety mechanism would shut off the compactor whenever its door was opened, and an examination of the compactor and the safety mechanism immediately after the accident revealed that both were working properly. The plaintiff either chose to disable the safety mechanism while operating the compactor, or was told to operate the compactor in this manner by his co-workers with Manhattan East. There was no evidence presented at trial that the defendant either trained anyone to use the compactor or had actual or constructive notice of the practice of disabling the safety mechanism.

The plaintiff's injuries were sustained as a result of the manner in which the work was performed, rather than as a result of a dangerous condition at the site (*see, Giambalvo v Chemical Bank, supra*). Accordingly, since the only theory upon which the plaintiff could have recovered damages from the defendant was for an alleged violation of Labor Law § 200, the trial court erred in submitting the case to the jury based on a theory of premises liability. Because the plaintiff withdrew the Labor Law § 200 claim at trial, the complaint is dismissed. In any event, even if the claim had not been withdrawn, the plaintiff's failure to present evidence sufficient to support a claim that the defendant violated Labor Law § 200 would require the dismissal of the complaint.

In light of our determination, we need not address the parties' remaining contentions. Ritter, J. P., Friedmann, Feuerstein and Crane, JJ., concur.