■ GEORGE MAROPAKIS, Appellant, v STILLWELL MATERIALS CORP. et al., Respondents. [833 NYS2d 122]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County, dated November 16, 2005, which granted the defendants' motion for summary judgment dismissing the complaint and denied his cross motion for summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

In general, workers compensation benefits are the exclusive remedy of an employee against an employer for any damages sustained from injury or death arising out of and in the course of employment (*see* Workers' Compensation Law § 11; *Cronin v Perry,* 244 AD2d 448, 449 [1997]). "[C]ontroversies regarding the applicability of the Workers' Compensation Law rest within the primary jurisdiction of the Workers' Compensation Board, including issues as to the existence of an employer-employee relationship" (*Santiago v Dedvukaj,* 167 AD2d 529 [1990] [citation omitted]). The determination of the Workers' Compensation Board is final and binding, and a plaintiff may not maintain an action against a defendant from whom he or she has accepted workers' compensation benefits by arguing that he or she was actually employed by a different entity (*id.; see also Decavallas v Pappantoniou,* 300 AD2d 617, 619 [2002]; *see generally Botwinick v Ogden,* 59 NY2d 909, 910 [1983]).

Here, the defendants, the plaintiff's employer and a co-employee involved in the subject accident, submitted documents from the Workers' Compensation Board, which demonstrated that the plaintiff was awarded workers' compensation benefits under the policy of the defendant employer. The plaintiff failed to raise a triable issue of fact in opposition (*see generally Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]). Thus, the plaintiff cannot maintain the instant action, and the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint and denied the plaintiff's cross motion for summary judgment. Mastro, J.P., Rivera, Dillon and Carni, JJ., concur.