■ EDUARDO DEROSAS, Appellant, v ROSMARINS LAND HOLDINGS, LLC, Formerly Known as R.R.E., LLC, et al., Respondents, et al., Defendant. [50 NYS3d 124]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Orange County (Bartlett, J.), dated October 14, 2014, which granted the motion of the defendants Rosmarins Land Holdings, LLC, formerly known as R.R.E., LLC, and Scott L. Rosmarin for summary judgment dismissing the amended complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

In 2005, the defendant Scott L. Rosmarin, the president of the defendant Camp Rosmarin, Inc. (hereinafter the camp), hired the plaintiff to serve as a maintenance worker at the camp. In 2012, the plaintiff was seriously injured while cutting and clearing a downed tree at the camp. The tree had fallen

across a mound of old tennis court clay and construction debris that had been discarded in the camp's parking lot at Rosmarin's direction. The plaintiff was standing on the mound and cutting the trunk of the tree when another part of the tree broke and hit his head.

In January 2013, the plaintiff commenced this action to recover damages, alleging common-law negligence and violations of Labor Law §§ 200, 240 (1), and 241 (6) against, among others, Rosmarin and the camp. In May 2014, the plaintiff amended the complaint, adding the defendant Rosmarins Land Holdings, LLC, formerly known as R.R.E., LLC (hereinafter the LLC), which owned and leased the summer camp property to the camp, and removing other parties. The action also was later discontinued as against the camp.

In November 2013, the Workers' Compensation Board (hereinafter the Board) awarded the plaintiff compensation for the injuries he sustained as a result of the subject accident and directed that payment be made by the camp or its insurance carrier. The plaintiff testified at a deposition that he has since received the workers' compensation benefits. Rosmarin and the LLC (hereinafter together the respondents) subsequently moved for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court granted the motion. The plaintiff appeals.

The Supreme Court properly granted that branch of the respondents' motion which was for summary judgment dismissing the amended complaint insofar as asserted against Rosmarin as barred by the exclusivity provision of the Workers' Compensation Law. In general, workers' compensation benefits are the exclusive remedy of an employee against an employer for any damages sustained from injury or death arising out of and in the course of employment (*see* Workers' Compensation Law §§ 11, 29 [6]; *Maines v Cronomer Val. Fire Dept.*, 50 NY2d 535, 544 [1980]; *De Los Santos v Butkovich*, 126 AD3d 845, 846 [2015]). " '[C]ontroversies regarding the applicability of the Workers' Compensation Law rest within the primary jurisdiction of the Workers' Compensation Board, including issues as to the existence of an employer-employee relationship' " (*Maropakis v Stillwell Materials Corp.*, 38 AD3d 623, 623 [2007], quoting *Santiago v Dedvukaj*, 167 AD2d 529, 529 [1990]). "The determination of the Workers' Compensation Board is final and binding, and a plaintiff may not maintain an action against a defendant from whom he or she has accepted workers' compensation benefits by arguing that he or she was actually employed by a different entity" (*Maropakis v Stillwell*

*Materials Corp.*, 38 AD3d at 623; *see Decavallas v Pappantoniou*, 300 AD2d 617, 619 [2002]). If a worker believes that the Board's decision has been made in error, he or she may petition the Board for reconsideration of its determination (*see Cunningham v State of New York*, 60 NY2d 248, 253 [1983]).

Here, the respondents established, prima facie, that the causes of action asserted against Rosmarin were barred by the exclusivity provision of the Workers' Compensation Law. They presented the Board's decision as well as deposition testimony of the plaintiff and Rosmarin, which established that the Board awarded the plaintiff workers' compensation benefits for the injuries he sustained in the subject accident through his employment with the camp and that the plaintiff had received the benefits (*see Maropakis v Stillwell Materials Corp.*, 38 AD3d at 623). In addition, the deposition testimony established that, at the time of the accident, Rosmarin was the president of the camp and the plaintiff's direct supervisor. Therefore, workers' compensation was the plaintiff's exclusive remedy regardless of Rosmarin's status as president of the camp, since Rosmarin and the plaintiff were coemployees (*see Heritage v Van Patten*, 59 NY2d 1017, 1019 [1983]; *Flood v Berk*, 301 AD2d 361, 362 [2003]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

The Supreme Court also properly granted that branch of the respondents' motion which was for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240 (1) and 241 (6) insofar as asserted against the LLC, as tree cutting and removal are not activities covered by those statutory provisions (*see Moreira v Ponzo*, 131 AD3d 1025, 1026 [2015]; *Enos v Werlatone, Inc.*, 68 AD3d 713 [2009]), and the evidence established, as a matter of law, that the mound of old tennis court clay, sand, rocks, and other construction debris was not a "structure" under the Labor Law (*see Caddy v Interborough R.T. Co.*, 195 NY 415, 420 [1909]; *see generally Kretzschmar v New York State Urban Dev. Corp.*, 13 AD3d 270, 270-271 [2004]; *cf. Kharie v South Shore Record Mgt., Inc.*, 118 AD3d 955, 956 [2014]). Moreover, the respondents established, prima facie, that the tree cutting and removal was " 'routine maintenance outside of a construction or renovation context' " (*Radoncic v Independence Garden Owners Corp.*, 67 AD3d 981, 982 [2009], quoting *Morales v Westchester Stone Co., Inc.*, 63 AD3d 805, 806 [2009]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d at 562).

The Supreme Court also properly granted that branch of the respondents' motion which was for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence insofar as asserted against the LLC. "Labor Law § 200 is a codification of a property owner's common-law duty to provide workers at a site with a reasonably safe place to work" (*Kobeszko v Lyden Realty Invs.*, 289 AD2d 535, 536 [2001]; *see Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 503 [1993]; *Cooper v State of New York*, 72 AD3d 633 [2010]). To the extent that the plaintiff's claims are based on the manner in which the work was performed, the respondents established, prima facie, that the LLC did not have authority to supervise or control the means and method of the work (*see Guallpa v Canarsie Plaza, LLC*, 144 AD3d 1088, 1092 [2016]; *Mammone v T.G. Nickel & Assoc., LLC*, 144 AD3d 761, 762 [2016]). Likewise, to the extent the plaintiff's claims were based on a dangerous condition on the premises, by presenting the lease between the LLC and the camp, the respondents also established, prima facie, that the LLC, as an out-of-possession landlord, was not responsible for the plaintiff's injuries (*see Lugo v Austin-Forest Assoc.*, 99 AD3d 865, 867 [2012]; *Tragale v 485 Kings Corp.*, 39 AD3d 626, 627 [2007]). The LLC relinquished control of the subject property to the camp and placed all responsibility for landscaping and maintenance work on the camp (*see Lugo v Austin-Forest Assoc.*, 99 AD3d at 867; *Madry v Heritage Holding Corp.*, 96 AD3d 1022, 1023 [2012]; *Couluris v Harbor Boat Realty, Inc.*, 31 AD3d 686, 687 [2006]). Although the LLC reserved a right of entry under the lease, here, this did not provide a sufficient basis on which to impose liability upon the LLC for injuries caused by a dangerous condition, as the condition did not violate a specific statute, nor was it a significant structural or design defect (*see Couluris v Harbor Boat Realty, Inc.*, 31 AD3d at 687). In opposition, the plaintiff failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d at 562).

Accordingly, the Supreme Court properly granted the respondents' motion for summary judgment dismissing the complaint insofar as asserted against them. Mastro, J.P., Leventhal, Barros and Brathwaite Nelson, JJ., concur.