Paguay v Cup of Tea, LLC (2018 NY Slip Op 06926)





Paguay v Cup of Tea, LLC


2018 NY Slip Op 06926


Decided on October 17, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 17, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2016-10510
 (Index No. 696/14)

[*1]Edisson Paguay, respondent-appellant, 
v
Cup of Tea, LLC, respondent, Atweek, Inc., doing business as Yankels Demolition, appellant-respondent (and a third-party action).


Law Office of Steven G. Fauth, LLC, New York, NY (Scott S. Levinson of counsel), for appellant-respondent.
Pontisakos & Brandman, P.C., Garden City, NY (Elizabeth Mark Meyerson of counsel), for respondent-appellant.
Lawrence N. Rogak, LLC, Oceanside, NY (Renee A. Breitner of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Atweek, Inc., doing business as Yankels Demolition, appeals, and the plaintiff cross-appeals, from an order of the Supreme Court, Kings County (David B. Vaughan, J.), dated August 22, 2016. The order, insofar as appealed from, denied the motion of the defendant Atweek, Inc., doing business as Yankels Demolition, for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. The order, insofar as cross-appealed from, denied the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1).
ORDERED that the order is reversed insofar as appealed from, on the law, and the motion of the defendant Atweek, Inc., doing business as Yankels Demolition, for summary judgment dismissing the complaint and all cross claims insofar as asserted against it is granted; and it is further,
ORDERED that the order is affirmed insofar as cross-appealed from; and it is further;
ORDERED that one bill of costs is awarded to the defendant Atweek, Inc., doing business as Yankels Demolition, payable by the plaintiff and the defendant Cup of Tea, LLC, and one bill of costs is awarded to the defendant Cup of Tea, LLC, payable by the plaintiff.
The plaintiff allegedly was injured when, while renovating the third floor of a three-story apartment building, he fell through the roof of the building to the floor below. The plaintiff commenced this action against the general contractor at the renovation site, the defendant Atweek, Inc., doing business as Yankels Demolition (hereinafter Atweek), as well as the owner of the apartment building, the defendant Cup of Tea, LLC (hereinafter Cup of Tea), asserting causes of action to recover damages for common-law negligence and violations of Labor Law §§ 200, 240(1), [*2]and 241(6). Cup of Tea asserted cross claims against Atweek for indemnification and contribution.
In January 2015, the Workers' Compensation Board (hereinafter the Board) awarded the plaintiff compensation for the injuries he sustained as a result of the subject accident and directed that payment be made by Atweek or its insurance carrier. The plaintiff testified at a deposition that he has since received the workers' compensation benefits. Thereafter, the plaintiff moved for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1). Atweek moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it based on the exclusivity provisions of the Workers' Compensation Law (see Workers' Compensation Law §§ 11, 29[6]). The Supreme Court, inter alia, denied the plaintiff's motion for summary judgment as well as Atweek's motion for summary judgment. Atweek appeals, and the plaintiff cross-appeals.
In general, workers' compensation benefits are the exclusive remedy of an employee against an employer for any damages sustained from injury or death arising out of and in the course of employment (see Workers' Compensation Law §§ 11, 29[6]; Weiner v City of New York, 19 NY3d 852, 854; Gonzales v Armac Indus., 81 NY2d 1, 8; Derosas v Rosmarins Land Holdings, LLC, 148 AD3d 988, 989; De Los Santos v Butkovich, 126 AD3d 845, 846). "[C]ontroversies regarding the applicability of the Workers' Compensation Law rest within the primary jurisdiction of the . . . Board, including issues as to the existence of an employer-employee relationship" (Santiago v Dedvukaj, 167 AD2d 529, 529; see Derosas v Rosmarins Land Holdings, LLC, 148 AD3d at 989; Maropakis v Stillwell Materials Corp., 38 AD3d 623, 623). "The determination of the . . . Board is final and binding, and a plaintiff may not maintain an action against a defendant from whom he or she has accepted workers' compensation benefits by arguing that he or she was actually employed by a different entity" (Maropakis v Stillwell Materials Corp., 38 AD3d at 623; see Derosas v Rosmarins Land Holdings, LLC, 148 AD3d at 989; Decavallas v Pappantoniou, 300 AD2d 617, 619).
Here, Atweek established, prima facie, that the causes of action and cross claims asserted against it were barred by the exclusivity provisions of the Workers' Compensation Law by submitting, inter alia, the Board's decision rendered in January 2015 and the plaintiff's deposition testimony (see Aprile-Sci v St. Raymond of Penyafort R.C. Church, 151 AD3d 671, 673; Derosas v Rosmarins Land Holdings, LLC, 148 AD3d at 990; Maropakis v Stillwell Materials Corp., 38 AD3d at 623; Decavallas v Pappantoniou, 300 AD2d at 619; Santiago v Dedvukaj, 167 AD2d at 529). Contrary to the contentions of the plaintiff and Cup of Tea, in the January 2015 decision, the Board determined that Atweek was the plaintiff's employer, and the Board did not indicate that it was directing Atweek or its insurance carrier to make payments to the plaintiff pursuant to Workers' Compensation Law § 25(1)(f), or that the issue of coverage remained open. Under the circumstances, the deposition testimony of Atweek's president, which was submitted in support of Atweek's motion, that the plaintiff was not Atweek's employee did not demonstrate the existence of a triable issue of fact (cf. Weitz v Anzek Constr. Corp., 65 AD3d 678, 680). In opposition, the plaintiff and Cup of Tea failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted Atweek's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.
However, we agree with the Supreme Court's determination to deny that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against Cup of Tea. In order for liability to be imposed under Labor Law § 240(1), there must be "a foreseeable risk of injury from an elevation-related hazard . . . , as defendants are liable for all normal and foreseeable consequences of their acts'" (Shipkoski v Watch Case Factory Assoc., 292 AD2d 587, 588, quoting Gordon v Eastern Ry. Supply, 82 NY2d 555, 562). In support of his motion for summary judgment, the plaintiff failed to demonstrate, prima facie, that the partial collapse of the roof and, in turn, the need for safety devices to protect the plaintiff from that hazard, were foreseeable (see Carrillo v Circle Manor Apts., 131 AD3d 662, 663; Martins v Board of Educ. of City of N.Y., 82 AD3d 1062, 1063; Balladares v Southgate Owners Corp., 40 AD3d 667, 669; cf. Taylor v V.A.W. of Am., 276 AD2d 621). The plaintiff's deposition testimony that he was told that the roof collapsed because the [*3]beams from the third-floor ceiling had been cut constituted inadmissible hearsay (see generally Casasola v State of New York, 129 AD3d 758, 759-760; Rakidjian v County of Suffolk, 28 AD3d 734, 735; AIU Ins. Co. v American Motorists Ins. Co., 8 AD3d 83, 85). Accordingly, the plaintiff did not meet his prima facie burden of demonstrating his entitlement to judgment as a matter of law, and that branch of his motion was properly denied without regard to the sufficiency of the opposition papers (see Winegard v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The plaintiff's remaining contention is academic in light of our determination.
MASTRO, J.P., ROMAN, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court