Eshonkulov v Rafiqul (2019 NY Slip Op 07236)





Eshonkulov v Rafiqul


2019 NY Slip Op 07236


Decided on October 9, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 9, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2018-01159
 (Index No. 505668/16)

[*1]Shukhrat Eshonkulov, plaintiff-respondent, 
v
Anwar Rafiqul, et al., appellants, Rudolph Klein, et al., defendants-respondents.


Morris Duffy Alonso & Faley, New York, NY (Iryna S. Krauchanka and Kevin G. Faley of counsel), for appellants.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Anwar Rafiqul and Bengal Contracting, Co., appeal from an order of the Supreme Court, Kings County (Bernard J. Graham, J.), dated December 7, 2017. The order denied those defendants' motion pursuant to CPLR 3211 and 3212 to dismiss the complaint and all cross claims insofar as asserted against them.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion of the defendants Anwar Rafiqul and Bengal Contracting, Co., which was pursuant to CPLR 3211 and 3212 to dismiss the complaint insofar as asserted against them, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.
The defendants Rudolf Klein and Devora Klein (hereinafter together the Kleins) allegedly hired the defendant Bengal Contracting, Co. (hereinafter Bengal), to perform renovation work on real property owned by the Kleins. The plaintiff allegedly was injured while working on the renovations, and thereafter commenced this action alleging, inter alia, violations of Labor Law §§ 200, 240(1), and 241(6), against the Kleins, Bengal, and Anwar Rafiqul, a member of Bengal. The Kleins asserted cross claims against Rafiqul and Bengal (hereinafter together the defendants), seeking contribution and common-law and contractual indemnification.
The defendants subsequently moved pursuant to CPLR 3211 and 3212 to dismiss the complaint and all cross claims insofar as asserted against them, arguing, among other things, that, at the time of the accident, the plaintiff was an employee of Bengal and that they were entitled to dismissal of the complaint based upon the exclusivity provisions of the Workers' Compensation Law (see Workers' Compensation Law §§ 11, 29[6]). By order dated December 7, 2017, the Supreme Court denied the motion, and the defendants appeal.
In general, workers' compensation benefits are the sole and exclusive remedy of an employee against an employer or co-employee for injuries sustained in the course of employment (see Workers' Compensation Law §§ 11, 29[6]; Cunningham v State of New York, 60 NY2d 248, 251; Derosas v Rosmarins Land Holdings, LLC, 148 AD3d 988, 989-990). Here, the plaintiff admitted, in his bill of particulars, that Bengal was his employer at the time of the accident, and the defendants established, prima facie, that Rafiqul was the plaintiff's co-employee (see Derosas v [*2]Rosmarins Land Holdings, LLC, 148 AD3d at 990). The defendants also established, prima facie, that the plaintiff received workers' compensation benefits for the injuries arising out of the subject accident. Under these circumstances, the defendants demonstrated that the plaintiff's action against them was barred by the Workers' Compensation Law (see Aprile-Sci v St. Raymond of Penyafort R.C. Church, 151 AD3d 671, 672-673; Derosas v Rosmarins Land Holdings, LLC, 148 AD3d at 990; Goode v Woodside, 74 AD3d 1279, 1280). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted that branch of the defendants' motion which was to dismiss the complaint insofar as asserted against them.
Nevertheless, the defendants were not entitled to summary judgment dismissing the Kleins' cross claims. Workers' Compensation Law § 11 prohibits cross claims for contribution and indemnification against an employer unless the employee has sustained a "grave injury" or there is a written contract entered into prior to the accident by which the employer had expressly agreed to contribution to or indemnification of the cross claimant (Workers' Compensation Law § 11; see Fleming v Graham, 10 NY3d 296, 299). Here, the defendants did not make the requisite prima facie showing that the plaintiff did not suffer a "grave injury" or as to the alleged existence of a contract to indemnify. Therefore, we agree with the Supreme Court's denial of that branch of the defendants' motion which was to dismiss the cross claims asserted against them.
In light of our determination, we need not reach the defendants' remaining contention.
MASTRO, J.P., BALKIN, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court