Jones v Jones (2020 NY Slip Op 02463)





Jones v Jones


2020 NY Slip Op 02463


Decided on April 29, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX
PAUL WOOTEN, JJ.


2017-08387
 (Index No. 55432/10)

[*1]Edna Jones, respondent,
v
Clifford Jones, appellant.


Towers & Associates, P.C., Brooklyn, NY (Geanine Towers of counsel), for appellant.
Mirkin & Gordon, P.C., Great Neck, NY (Katrina Worrell Ballard of counsel), for respondent.



DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from stated portions of a judgment of divorce of the Supreme Court, Kings County (Diana J. Szochet, Ct. Atty. Ref.), dated April 18, 2017. The judgment of divorce, upon a decision of the same court dated January 9, 2017, made after a nonjury trial, inter alia, awarded the defendant only 5% of the equity in the marital residence and failed to award the defendant a distributive share of the plaintiff's pension.
ORDERED that the judgment of divorce is affirmed insofar as appealed from, with costs.
The parties were married in January 1990 and have one child, who is emancipated. In 1998, the marital residence was purchased. While the purchase was pending, the defendant was arrested and, in August 1998, one month after the closing, he was placed under "house arrest." At the time of the transfer of title, the deed to the marital residence was taken in the name of the plaintiff and the defendant's father, who is now deceased, as joint tenants with rights of survivorship.
From the time of purchase of the marital residence, the plaintiff paid the mortgage payments. While the defendant was under house arrest from August 1998 through January 2000, he did not work. The defendant was then imprisoned from January 2000 until March 2013. In October 2010, the plaintiff commenced this action for a divorce and ancillary relief. A nonjury trial was held on the issue of equitable distribution of the marital residence. The Supreme Court issued a decision after trial, and subsequently a judgment, inter alia, awarding the plaintiff 95% of the equity in the marital residence and the defendant 5%. The court did not award the defendant a distributive share of the plaintiff's pension. The defendant appeals from stated portions of the parties' judgment of divorce.
"Equitable distribution law does not mandate an equal division of marital property" (Culen v Culen, 157 AD3d 926, 929; see Scaramucci v Scaramucci, 140 AD3d 848, 849). "The equitable distribution of marital assets must be based on the circumstances of the particular case and the consideration of a number of statutory factors" (Culen v Culen, 157 AD3d at 929; see Domestic Relations Law § 236[B][5][d]). "Those factors include: the income and property of each party at the [*2]time of marriage and at the time of commencement of the divorce action; the duration of the marriage; the age and health of the parties; the loss of inheritance and pension rights; any award of maintenance; any equitable claim to, interest in, or direct or indirect contribution made to the acquisition of marital property by the party not having title; and any other factor which the court shall expressly find to be just and proper" (Taylor v Taylor, 140 AD3d 944, 945-946). "A trial court is vested with broad discretion in making an equitable distribution of marital property, and unless it can be shown that the court improvidently exercised that discretion, its determination should not be disturbed" (Aloi v Simoni, 82 AD3d 683, 685 [internal quotation marks omitted]).
Here, considering the foregoing factors, the Supreme Court providently exercised its discretion in equitably distributing the marital assets (see Culen v Culen, 157 AD3d at 929; Gafycz v Gafycz, 148 AD3d 679, 680). The evidence presented to the Supreme Court supported a determination that the equity in the marital residence be distributed 95% to the plaintiff and 5% to the defendant. Contrary to the defendant's contention, the court was not required to provide mathematical calculations to explain how it reached its determination as to each party's distributive share of the equity in the marital residence (see Rodgers v Rodgers, 98 AD2d 386, 391).
The Supreme Court did not err in declining to distribute a portion of the plaintiff's pension to the defendant. Although a pension is normally subject to equitable distribution, the parties agreed that the only issue to be determined at trial was the equitable distribution of the marital residence, and the defendant failed to request that the court award him a portion of the plaintiff's pension (see Halley-Boyce v Boyce, 108 AD3d 503, 505; Leichtner v Leichtner, 18 AD3d 446).
The defendant's remaining contention is without merit.
SCHEINKMAN, P.J., AUSTIN, HINDS-RADIX and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court