Omwathath v Frank E. Basil, Inc. (2023 NY Slip Op 05267)

Omwathath v Frank E. Basil, Inc.

2023 NY Slip Op 05267

Decided on October 18, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 18, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ANGELA G. IANNACCI
ROBERT J. MILLER
JANICE A. TAYLOR, JJ.

2021-07666
 (Index No. 3845/19)

[*1]Lakhram Omwathath, appellant,
v
Frank E. Basil, Inc., et al., respondents.

Lakhram Omwathath, Brooklyn, NY, appellant pro se.

DECISION & ORDER
In an action, inter alia, to recover damages for wrongful death, the plaintiff appeals from an order of the Supreme Court, Kings County (Peter P. Sweeney, J.), dated August 19, 2021. The order granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the amended complaint.
ORDERED that the order is affirmed, without costs or disbursements.
In 1993, the plaintiff's decedent was injured while working for the defendant Frank E. Basil, Inc. The decedent received workers' compensation benefits throughout the rest of his life and, following the decedent's death in 2018, the plaintiff received a workers' compensation award. The plaintiff commenced this action after the decedent's death seeking to recover damages for the decedent's conscious pain and suffering and wrongful death. The defendants moved to dismiss the amended complaint pursuant to CPLR 3211(a), and the Supreme Court granted the motion. The plaintiff appeals.
"'A motion to dismiss [a cause of action] on the ground that the [cause of] action is barred by documentary evidence pursuant to CPLR 3211(a)(1) may be granted only where the documentary evidence utterly refutes the plaintiff's factual allegations, [thereby] conclusively establishing a defense as a matter of law'" (Bedford-Carp Constr., Inc. v Brooklyn Union Gas Co., 215 AD3d 907, 908, quoting Qureshi v Vital Transp., Inc., 173 AD3d 1076, 1077).
Here, in support of their motion, the defendants conclusively demonstrated that the claims in the amended complaint, insofar as asserted against the defendant Frank E. Basil, Inc., are barred by the Workers' Compensation Law (see Workers' Compensation Law § 11; LaLima v Consolidated Edison Co. of N.Y., Inc., 151 AD3d 832, 834; Vargas v Crown Container Co., Inc., 114 AD3d 762, 763). Additionally, there are no allegations in the amended complaint against the defendant Data Dimensions. Accordingly, the Supreme Court properly granted the defendants' motion to dismiss the amended complaint.
DILLON, J.P., IANNACCI, MILLER and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court