Gigliotti v Gigliotti (2023 NY Slip Op 06029)

Gigliotti v Gigliotti

2023 NY Slip Op 06029

Decided on November 22, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LARA J. GENOVESI
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2021-02868
 (Index No. 205/18)

[*1]Brooke Gigliotti, respondent,
v
Angelo Gigliotti, appellant.

Nicole Ramon, West Babylon, NY, for appellant.
Arthur G. Trakas, Astoria, NY (Andrew B. Schultz of counsel), for respondent.

DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from a judgment of divorce of the Supreme Court, Queens County (Anna Culley, J.), entered January 25, 2021. The judgment of divorce, insofar as appealed from, upon a decision of the same court entered March 17, 2020, made after a nonjury trial, awarded the plaintiff 100% of the parties' interest in the marital residence.
ORDERED that the judgment of divorce is affirmed insofar as appealed from, with costs.
The parties were married on August 20, 2011, and have one minor child. The defendant has been incarcerated since 2016, and is not scheduled for release until 2033. The plaintiff commenced this action in or about January 2018.
A nonjury trial was scheduled on February 28, 2020. There is no dispute that the defendant's attorney did not appear and did not properly request an adjournment pursuant to the rules of the trial part. The defendant appeared by phone pursuant to an arrangement made with the Federal Bureau of Prisons.
In a decision, made after the trial, the Supreme Court, inter alia, awarded the plaintiff 100% of the parties' interest in the marital residence, the parties' only marital asset, and allocated 100% of the parties' debt to the plaintiff. A judgment of divorce, upon the decision, was entered on January 25, 2021. The defendant appeals.
"The grant or denial of a motion for 'an adjournment for any purpose is a matter resting within the sound discretion of the trial court'" (Matter of Steven B., 6 NY3d 888, 889, quoting Matter of Anthony M., 63 NY2d 270, 283). Here, the Supreme Court providently exercised its discretion in denying the defendant's application for an adjournment where his counsel did not properly seek an adjournment pursuant to the trial part's rules and subsequently failed to appear at trial.
"Domestic Relations Law § 236 mandates that the equitable distribution of marital assets be based on the circumstances of the particular case and directs the courts to consider a [*2]number of statutory factors" (Fields v Fields, 15 NY3d 158, 170). "The trial court is vested with broad discretion in making an equitable distribution of marital property . . . and unless it can be shown that the court improvidently exercised that discretion, its determination should not be disturbed" (Halley-Boyce v Boyce, 108 AD3d 503, 504 [internal quotation marks omitted]). The statutory factors include "any other factor which the court shall expressly find to be just and proper" (Domestic Relations Law § 236[B][5][d][16]; see Fairchild v Fairchild, 149 AD3d 810, 811). "Consequently, the trial court has substantial flexibility in fashioning an appropriate decree based on what it views to be fair and equitable under the circumstances" (Mahoney-Buntzman v Buntzman, 12 NY3d 415, 420). It is well settled that "[e]quitable distribution does not necessarily mean equal distribution" (Gafycz v Gafycz, 148 AD3d 679, 680 [internal quotation marks omitted]).
Here, the Supreme Court providently exercised its discretion in awarding the plaintiff 100% of the parties' interest in the marital residence, where the defendant was unable to contribute financially to the mortgage loan or to the support of the parties' child due to his long-term incarceration, and where the plaintiff was also responsible for 100% of the parties' marital debt (see Jones v Jones, 182 AD3d 586, 586).
The defendant's remaining contentions are without merit.
BRATHWAITE NELSON, J.P., GENOVESI, FORD and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court