KLG Jewelry LLC v 706 Madison LLC (2024 NY Slip Op 03137)

KLG Jewelry LLC v 706 Madison LLC

2024 NY Slip Op 03137

Decided on June 11, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 11, 2024

Before: Manzanet-Daniels, J.P., Singh, Mendez, Rodriguez, Pitt-Burke, JJ. 

Index No. 160584/17 Appeal No. 2470-2471 Case No. 2022-05082, 2023-05337 

[*1]KLG Jewelry LLC, Respondent,
v
706 Madison LLC et al., Appellants, Scalpel Construction Inc., et al., Defendants. (And a Third-Party Action.)

Hannum Feretic Prendergast & Merlino, LLC, New York (Marsha J. Quinche of counsel), for appellants.
Lerner, Arnold & Winston, LLP, New York (Jacob L. Levine of counsel), for respondent.

Order, Supreme Court, New York County (William Perry, J.), entered October 11, 2022, which, insofar as appealed from as limited by the brief, granted plaintiff KLG Jewelry LLC's motion to amend the caption, unanimously affirmed, with costs. Order, same court and Justice, entered on or about September 27, 2023, which, insofar as appealed from and appealable, denied defendants' motion to renew, unanimously affirmed, with costs.
Supreme Court properly allowed plaintiff to amend the caption to "KLG Jewelry LLC/KLG New York LLC d/b/a De Grisogono USA Inc." This change reflected that KLG Jewelry LLC and KLG New York LLC are the same company, that KLG New York LLC leased space to De Grisogono USA, Inc., and that all three entities were part of the same family business (CPLR 2001, 3025; see Favourite Ltd. v Cico, — NY3d &mdash, 2024 NY Slip Op 01496, *4 [2024]; Unique Laundry Corp. v. Hudson Park NY LLC, 55 AD3d 382, 382 [1st Dept 2008]). To the extent that De Grisogono's USA Inc.'s Swiss parent company went bankrupt, defendants were not prejudiced because De Grisogono USA Inc. was added to the caption as a "doing business as" entity. This change is merely descriptive and no new plaintiff has been added (see Golden Distributors, Ltd. v Garced, 134 BR 766, 769 [SD NY 1991]; see also Karakaya v Better Energy Group, 201 AD2d 419, 420 [1st Dept 1994]).
Supreme Court properly denied defendants' motion to renew. Defendants did not offer a reasonable justification for their failure to obtain the bankruptcy filings of De Grisogono's parent company in opposition to plaintiff's motion because those filings were available to defendants at the time of the motion (CPLR 2221[e][2], [3]; see Henry v Peguero, 72 AD3d 600, 602-603 [1st Dept 2010]). In any event, as already noted, the bankruptcy of De Grisogono's parent company is immaterial to this action because De Grisogono USA Inc. was added to the caption as a "doing business as," not as an additional plaintiff, and KLG Jewelry LLC remains the actual plaintiff.
We have considered defendants' remaining contentions and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 11, 2024