Olivera-Perez v B.A.M. Bldrs., Inc. (2024 NY Slip Op 03894)

Olivera-Perez v B.A.M. Bldrs., Inc.

2024 NY Slip Op 03894

Decided on July 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
LINDA CHRISTOPHER
CARL J. LANDICINO, JJ.

2022-04438
 (Index No. 504952/21)

[*1]Macario Olivera-Perez, plaintiff-respondent,
v
B.A.M. Builders, Inc., defendant, David Mizrachi, et al., defendants-respondents, Builders Joseph and Sons, LLC, appellant.

Smith Mazure, P.C., New York, NY (Louise M. Cherkis of counsel), for appellant.
William Pager, Brooklyn, NY, for plaintiff-respondent.
Eric D. Feldman, New York, NY (Evy L. Kazansky of counsel), for defendants-respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Builders Joseph and Sons, LLC, appeals from an order of the Supreme Court, Kings County (Joy F. Campanelli, J.), dated May 25, 2022. The order, insofar as appealed from, denied that branch of that defendant's cross-motion which was pursuant to CPLR 3211(a) to dismiss the complaint and, in effect, the cross-claims of the defendants David Mizrachi and Sophia Mizrachi insofar as asserted against it.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the cross-motion of the defendant Builders Joseph and Sons, LLC, which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it, and substituting therefor a provision granting that branch of the cross-motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the defendant Builders Joseph & Sons, LLC, payable by the plaintiff, and one bill of costs to the defendants David Mizrachi and Sophia Mizrachi, payable by the defendant Builders Joseph & Sons, LLC, and the cross-claims asserted by the defendants David Mizrachi and Sophia Mizrachi against the defendant Builders Joseph and Sons, LLC, are converted into third-party causes of action.
In 2019, David Mizrachi retained the defendant Builders Joseph and Sons, LLC (hereinafter Builders Joseph), to perform certain construction work at 2255 East 2nd Street located in Brooklyn (hereinafter the premises). The plaintiff was employed to perform construction and demolition work at the premises, and in October 2020, he injured his right hand during the course of his employment.
The plaintiff applied for workers' compensation benefits. In the workers' compensation proceeding, Builders Joseph denied that it was the plaintiff's employer. On June 29, 2021, the Workers' Compensation Board, after a hearing, issued a notice of decision finding, inter alia, that the plaintiff was an employee of Builders Joseph and awarded workers' compensation benefits to the plaintiff.
In March 2021, the plaintiff commenced this action to recover damages for personal injuries against, among others, Builders Joseph, David Mizrachi, and Sophia Mizrachi. The plaintiff moved for leave to enter a default judgment against each of the defendants. In an answer dated January 5, 2022, David Mizrachi and Sophia Mizrachi (hereinafter together the Mizrachi defendants) asserted cross-claims against Builders Joseph, inter alia, for contractual indemnification. Builders Joseph opposed the plaintiff's motion and cross-moved, among other things, pursuant to CPLR 3211(a) to dismiss the complaint and, in effect, the Mizrachi defendants' cross-claims insofar as asserted against it. In an order dated May 25, 2022, the Supreme Court, inter alia, denied that branch of Builders Joseph's cross-motion which was pursuant to CPLR 3211(a) to dismiss the complaint and, in effect, the Mizrachi defendants' cross-claims insofar as asserted against it. Builders Joseph appeals.
"A motion to dismiss pursuant to CPLR 3211(a)(1) may be granted only if the documentary evidence submitted by the moving party utterly refutes the factual allegations and conclusively establishes a defense to the claims as a matter of law" (Carpio v Morris, 223 AD3d 781, 782; see Goshen v Mut. Life Ins. Co. of N.Y., 98 NY2d 314, 326). "[T]o be considered 'documentary,' evidence must be unambiguous and of undisputed authenticity" (Fontanetta v John Doe 1, 73 AD3d 78, 86). "Judicial records, as well as documents reflecting out-of-court transactions such as mortgages, deeds, contracts, and any other papers, the contents of which are essentially undeniable, qualify as documentary evidence in proper cases; however, affidavits and letters are not considered documentary evidence" (Hartnagel v FTW Contr., 147 AD3d 819, 820 [internal quotation marks omitted]; see MJ Lilly Assoc., LLC v Ovis Creative, LLC, 221 AD3d 805, 806; Anderson v Armentano, 139 AD3d 769, 771). "While a court is permitted to consider evidentiary material submitted by a defendant in support of a motion to dismiss pursuant to CPLR 3211(a)(7), such evidence may only be considered to determine whether the plaintiff 'has a cause of action, not whether [the plaintiff] has stated one'" (Hartnagel v FTW Contr., 147 AD3d at 820-821, quoting Guggenheimer v Ginzburg, 43 NY2d 268, 275).
"Under the Workers' Compensation Law, an employee's recovery of workers' compensation benefits is his or her exclusive remedy against his or her employer or coworkers for injuries sustained in the course of his or her employment" (Zielinski v New Jersey Tr. Corp., 170 AD3d 927, 928; see Workers' Compensation Law §§ 11[1]; 29[6]; Weiner v City of New York, 19 NY3d 852, 854). "[C]ontroversies regarding the applicability of the Workers' Compensation Law rest within the primary jurisdiction of the Workers' Compensation Board, including issues as to the existence of an employer-employee relationship" (Santiago v Dedvukaj, 167 AD2d 529, 529 [citations omitted]; see Paguay v Cup of Tea, LLC, 165 AD3d 964, 965). "The determination of the . . . Board is final and binding, and a plaintiff may not maintain an action against a defendant from whom he or she has accepted workers' compensation benefits by arguing that he or she was actually employed by a different entity" (Paguay v Cup of Tea, LLC, 165 AD3d at 965-966 [internal quotation marks omitted]; see Derosas v Rosmarins Land Holdings, LLC, 148 AD3d 988, 989). "If a worker believes that the Board's decision has been made in error, he or she may petition the Board for reconsideration of its determination" (Derosas v Rosmarins Land Holdings, LLC, 148 AD3d at 990).
Here, in support of its cross-motion, Builders Joseph submitted the decision of the Workers' Compensation Board, which conclusively established that the plaintiff's causes of action insofar as asserted against it were barred by the exclusivity provisions of the Workers' Compensation Law (see Knipper v Drill Team of Lindenhurst Fire Dept., Inc., 223 AD3d 725, 727; Omwathath v Frank E. Basil, Inc., 220 AD3d 882, 883). Therefore, the Supreme Court should have granted that branch of Builders Joseph's cross-motion which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it.
"The grant or denial of a motion for 'an adjournment for any purpose is a matter resting within the sound discretion of the trial court'" (Matter of Steven B., 6 NY3d 888, 889, quoting Matter of Anthony M., 63 NY2d 270, 283). Here, the Supreme Court providently exercised its discretion in rejecting the parties' stipulations of adjournment where the parties failed to timely seek such adjournment pursuant to the court's part rules (see Gigliotti v Gigliotti, 221 AD3d 864, [*2]864).
Since the complaint is dismissed insofar as asserted against Builders Joseph, we convert the cross-claims asserted by the Mizrachi defendants against Builders Joseph into third-party causes of action (see Kennedy v Bracey, 219 AD3d 889, 890; Sooklall v Morisseav-Lafague, 185 AD3d 1079, 1082).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
BRATHWAITE NELSON, J.P., MALTESE, CHRISTOPHER and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court