Miranda v 1320 Entertainment, Inc. (2024 NY Slip Op 04313)

Miranda v 1320 Entertainment, Inc.

2024 NY Slip Op 04313

Decided on August 28, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 28, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
LARA J. GENOVESI
LOURDES M. VENTURA, JJ.

2022-09472
 (Index No. 609416/20)

[*1]Nikki Miranda, respondent, 
v
1320 Entertainment, Inc., appellant.

Eric D. Feldman, Melville, NY (Scott W. Driver of counsel), for appellant.
Marcelo Buitrago & Associates, PLLC, New York, NY, for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Nassau County (James P. McCormack, J.), entered October 28, 2022. The order denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.
The plaintiff commenced this action in September 2020, to recover damages for personal injuries she alleged that she sustained in November 2019 during her employment with Tobin Woodworking, Inc. (hereinafter Tobin). At the time of the incident, the plaintiff was working on a machine called an edge bander, which applies wood edges, mica edges, or PVC edges on the sides of cabinets, when she was struck by a piece of lumber that flew off of a table saw operated by a coworker. The complaint alleged, inter alia, that the defendant, as owner of the property where the incident occurred, was negligent in permitting a dangerous and defective condition to exist on the premises and further alleged that the defendant was liable to the plaintiff for a violation of Labor Law § 200. Thereafter, the plaintiff served a bill of particulars, in which she further alleged that the defendant had violated, among other things, Labor Law §§ 240(1) and 241(6).
In May 2022, after a note of issue was filed, the defendant moved for summary judgment dismissing the complaint, contending, inter alia, that it was an out-of-possession landlord that owed no duty of care to the plaintiff. The plaintiff opposed the motion, contending, among other things, that the defendant had failed to address the allegations as amplified by the bill of particulars, including the allegations that the defendant had violated Labor Law §§ 240(1) and 241(6). In reply, the defendant contended, inter alia, that the complaint did not assert any causes of action alleging violations of Labor Law §§ 240(1) or 241(6), and, in any event, those statutes did not apply because the plaintiff's work at the time of her injury did not fall within the purview of those statutes. The Supreme Court denied the defendant's motion. The defendant appeals.
The Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint. The complaint asserted causes of action alleging a violation of Labor Law § 200 and common-law negligence. "'Labor Law § 200 is a codification of a property owner's common-law duty to provide workers at a site with a reasonably safe place to work'" [*2](Derosas v Rosmarins Land Holdings, LLC, 148 AD3d 988, 991, quoting Kobeszko v Lyden Realty Invs., 289 AD2d 535, 536). "[A] landowner who has transferred possession and control is generally not liable for injuries caused by dangerous conditions on the property" (Gronski v County of Monroe, 18 NY3d 374, 379). "'An out-of-possession landlord can be held liable for injuries that occur on its premises only if the landlord has retained control over the premises and if the landlord is contractually or statutorily obligated to repair or maintain the premises or has assumed a duty to repair or maintain the premises by virtue of a course of conduct'" (Washington-Fraser v Industrial Home for the Blind, 164 AD3d 543, 544, quoting Duggan v Cronos Enters., Inc., 133 AD3d 564, 564; see Davidson v Steel Equities, 138 AD3d 911, 912).
Here, the evidence submitted by the defendant, including, among other things, the written lease between Tobin and itself and transcripts of the deposition testimony of the plaintiff and of the defendant's principal, established, prima facie, that the defendant was an out-of-possession landlord that had relinquished control of the subject property to Tobin and had not assumed a duty to maintain the property in a reasonably safe condition by a course of conduct (see Skjoldal v Pacific W. Constr. Corp., 222 AD3d 1021, 1023; Hope v Our Holy Redeemer R.C. Church, 219 AD3d 595, 595; Derosas v Rosmarins Land Holdings, LLC, 148 AD3d at 991). Although the defendant reserved a right of entry under the lease, this did not provide a sufficient basis on which to impose liability upon the defendant for injuries caused by a dangerous condition, as the condition did not violate a specific statute, nor was it a significant structural or design defect (see Derosas v Rosmarins Land Holdings, LLC, 148 AD3d at 991; Couluris v Harbor Boat Realty, Inc., 31 AD3d 686, 687). In opposition, the plaintiff failed to raise a triable issue of fact (see Zuckerman v City of New York, 49 NY2d 557, 562).
Moreover, the plaintiff failed to demonstrate that the defendant's motion for summary judgment dismissing the complaint should be denied based upon the defendant's potential liability for violations of Labor Law §§ 240(1) or 241(6), as alleged in the plaintiff's bill of particulars. Modern practice permits a plaintiff, in some circumstances, to successfully oppose a motion for summary judgment by relying on an unpleaded cause of action that is supported by the plaintiff's submissions, where the plaintiff has not engaged in unexcused protracted delay in presenting the new theory of liability (see Bennett v State Farm Fire & Cas. Co., 181 AD3d 779, 782; Comsewogue Union Free School Dist. v Allied-Trent Roofing Sys., Inc., 15 AD3d 523, 524; cf. Castleton v Broadway Mall Props., Inc., 41 AD3d 410, 411). Here, however, the plaintiff's unpleaded causes of action alleging violations of Labor Law §§ 240(1) and 241(6) are not supported by the plaintiff's submissions, as the record demonstrates that the plaintiff's work at the time of her injury did not involve "construction, excavation or demolition work" within the meaning of Labor Law § 241(6), or "erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure" within the meaning of Labor Law § 240(1) (see Jock v Fien, 80 NY2d 965, 968; Ferenczi v Port Auth. of N.Y. & N.J., 34 AD3d 722, 723-724; Solly v Tam Ceramics, 258 AD2d 914, 914).
Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint.
The parties' remaining contentions either are without merit or need not be reached in light our determination.
DILLON, J.P., CHAMBERS, GENOVESI and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court